## Lewis Knox v. The State.

### No. 573.    Decided May 3, 1911.

### Rehearing Denied May 31, 1911.

**1.—Gaming—Constitutional Law.**

The Act of the Thirtieth Legislature, making it a felony to keep a house where people resort for the purpose of betting and gambling with cards, is constitutional.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of keeping a house where people resorted for the purpose of betting and gambling with cards, the evidence showed that the defendant was in control of the house where the gambling was alleged to have taken place, and the people resorted there for the purpose of betting and gambling with cards, the conviction was sustained. See opinion for facts held sufficient to sustain the conviction. . Davidson, Presiding Judge, dissenting.

Appeal from the District Court of McLennan.    Tried below before the Hon. Richard I. Monroe.

Appeal from a conviction of keeping a house where people resorted for the purpose of gambling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Quitman Finlay,* for appellant.—Upon the question that the Legislative Act was not signed by the presiding officer of the Senate and House, and that, therefore, under section 38, article 3 of the Constitution of Texas, the same was void: Hunt v. State, 22 Texas Crim. App., 396; Ford v. State, 23 Texas Crim. App., 520; Wright v. State, 23 Texas Crim. App., 313.

Upon question that the subject of the Legislative Act is not expressed in the title thereof: Roddy v. State, 16 Texas Crim. App., 502; Adams v. San Angelo Waterworks, 86 Texas, 485; Giddings v. San Antonio, 47 Texas, 548; Missouri, K. & T. Ry. Co. v. State of Texas, 102 Texas, 153, 113 S. W. Rep., 916; Gulf, C. & S. F. Ry. Co. v. Stokes, 91 S. W. Rep., 328; International & G. N. Ry. Co. v. Railroad Commission, 99 Texas, 332, 89 S. W. Rep., 961.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—The appellant was charged in the indictment

with keeping a house where people did resort for the purpose of betting and gambling with cards. Upon a trial he was convicted, and his punishment assessed at two years confinement in the penitentiary.

The same questions, as to the unconstitutionality of the Acts of the Thirtieth Legislature, as were presented in the case of Parshall v. State, decided at the present term of the court, are presented in this case. This question is so fully discussed in that case we do not deem it necessary here, but under the authority of that case, and for the reasons therein stated, we hold the Act is not unconstitutional.

The only other question raised in this case is the insufficiency of the evidence. It is undisputed that appellant was in control of the house where the gambling is alleged to have taken place. Will Hardeman, Claude Barnett and Merit Manning all testify that gambling took place at the house. We will here state a portion of the testimony of Hardeman. He says:

"Sometimes we would play a little coon-can, and gamble—something like that. I have also played tie-tie and monte there. I have played tie-tie, monte and coon-can. In playing monte one deals, and the rest pike at him. Sometimes Lewis would deal a little monte for us and we would pike at him, and again some other fellow would deal and we would pike at him. Sometimes Lewis would deal in a two-handed game. He would have the money in front of him, and we would pike at it. Besides Lewis, there was a fellow, Wash Ware, dealing monte. I think he was a cousin to Lewis. I believe I was in a monte game with Lewis there about four times during this past summer and spring. I was in a coon-can game there seven or eight times with him. I was in a tie-tie game with him five or six times. We all bet money. We would bet two-bits, and maybe four-bits, owing to how much you wanted to bet on the game. When Lewis dealt in the monte games when I was there and won the money, he kept it; he won it. As many negroes as could gather down around at the time would play monte. Sometimes there would be about twelve, or ten, or eleven—somewhere in the neighborhood of ten or twelve. There were so many there that I could not tell who all was there. Some of them were Claude Barnett, Alex Dennam, Dan Wakefield and Wash Ware. I saw Frank Walls there, and Merit Manning. Those people whose names I have called were at different times in the games with us all. They bet their money, too, in the same games where I saw Lewis dealing in the monte games. Just two can play coon-can at a time. Just as many as can get around the game can play monte at a time. In a tie-tie game two deal, and all can get in that want to. Tie-tie is a banking game; it is nearly the same as monte. In tie-tie one man deals one time, and the next time it will be the other man's deal. It was about two months after Christmas when I was there. I was not there during Christmas and along that time. I was there the last time just before

he was arrested. I reckon I was there something like once a week up until the time he was arrested."

The other witnesses corroborate this testimony. The testimony, we think, sustains the verdict. The judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, dissenting.
[Rehearing denied May 31, 1911.—Reporter.]