HARRIS COUNTY v. HAMMOND et al.
(No. 7635.)

(Court of Civil Appeals of Texas. Galveston. April 12, 1918. On Motion for Rehearing, May 2, 1918.)

1. STATUTES ⊝219—CONSTRUCTION BY EXECUTIVE OFFICERS—ADOPTION BY COURTS.

Where the construction of a statute is doubtful, the construction given it by the officer of the state expressly charged with the duty of its enforcement is entitled to great weight, and, unless the court is clearly of the opinion that such construction is erroneous, it should not give the statute a different meaning.

2. SHERIFFS AND CONSTABLES ⊝71—MAXIMUM AMOUNT OF FEES OF OFFICE—"FEES OF ALL KINDS"—"CHARGES."

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3881, 3888, 3894, 3895, 3897, 3903, and Code Cr. Proc. 1911, arts. 1142–1149, held, that amounts allowed a sheriff by the commissioners' court, within the limitation prescribed for the safe-keeping, feeding, and care of prisoners in a county jail, which article 1142 designates "charges," cannot be regarded as "fees of all kinds," within section 3881, so as to affect the maximum amount of "fees of office" a sheriff may retain.

3. PRISONS ⊝18(2)—MAINTENANCE OF PRISONERS—"PERQUISITE"—"FEES OF OFFICE."

Under Vernon's Sayles' Ann. Civ. St. 1911, arts. 3881, 3888, 3889, 3894, 3895, 3897, 3903, and Code Cr. Proc. 1911, arts. 1142–1149, where commissioners' court, within limitation prescribed, fixes allowance for support and maintenance of prisoners, there can be no accounting between the sheriff and the county, and the sheriff must stand any loss, while if he makes any profit it belongs to him as a "perquisite," as distinguished from "fees of office," a "perquisite" being an incidental emolument, profit, gain, or fee over and above the settled fee, income, salary, or wages, something received incidentally and in addition to regular salary, wages, fees, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Perquisite.]

4. SHERIFFS AND CONSTABLES ⊝71—ALLOWANCE FOR PRISONERS—DUTY TO ACCOUNT—FRAUD AND MISTAKE.

That the sheriff, in presenting to commissioners' court his report and account, concealed the actual cost of the safe-keeping, support, and maintenance of prisoners, etc., and that the court in allowing account acted on the mistaken belief that the cost was 40 cents for each prisoner as claimed in the report, when the cost was less, would not authorize, on the grounds of fraud and mistake, reopening of orders of commissioners' court approving sheriff's accounts.

5. SHERIFFS AND CONSTABLES ⊝71—FEES—ACCOUNTING.

In a suit against sheriff for an accounting of fees and other amounts received by him as sheriff, there being no contention that items were not necessary expenses incurred in conduct of sheriff's office, the court properly allowed him credit for cost and charges paid in civil cases in which the county was not a party, sums advanced to indigent witnesses in other counties served with process in criminal cases, expenses of conveying defendants in felony cases outside of the county, and expense of obtaining requisition for criminals from other states, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3897, providing that the sheriff shall at the close of each month make a sworn itemized statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses, and other necessary expenses, and, if such expenses be incurred in connection with any particular case, such statement shall name such case, etc.

6. SHERIFFS AND CONSTABLES ⊝71—AMOUNT OF FEES—DETERMINATION—"EXPENSES NECESSARILY INCURRED IN CONDUCT OF OFFICE."

Sums paid by sheriff for gasoline and repairs for automobile owned and used by him in performing the duties of his office were not expenses necessarily incurred in the conduct of the office, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3897, and the sheriff was not entitled to credit therefor in determining maximum amount of fees, under article 3881.

7. STATUTES ⊝285—VALIDITY—DETERMINATION—USE OF JOURNALS OF LEGISLATURE.

Journals kept by the Legislature cannot be considered by the courts for the purpose of determining whether Const. art. 3, § 30, providing that no law shall be so amended in its passage through either house as to change its original purpose, has been violated in the passage of a bill.

8. SHERIFFS AND CONSTABLES ⊝71—MAXIMUM AMOUNT OF FEES—DETERMINATION.

In suit against sheriff to recover fees and amounts received by him in excess of the maximum compensation of $3,000 to which he was entitled under Vernon's Sayles' Ann. Civ. St. 1914, art. 3881, the sheriff was properly required to account for fees earned in tax suits; article 3924, providing that any fees of office not embraced within this title shall not be affected by provisions thereof, not applying to maximum fee bill, although found in the same title and chapter.

9. SHERIFFS AND CONSTABLES ⊝29—FEES—STATUTES—REPEAL BY IMPLICATION.

The intention to alter or change the provisions of the Fee Bill Statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 3881), which by express terms is applicable to fees of all kinds, cannot be inferred from the fact that it was, in the revision of the statutes, placed under a title which contained a statute relating to a different matter, and which, as originally passed,

---

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was not intended to affect the provisions of the maximum fee bill, since laws cannot be repealed or amended by implication in such manner.

10. SHERIFFS AND CONSTABLES ⬅29—FEES—STATUTES—CHANGE BY CODIFIERS—SUBSEQUENT AMENDMENT.

Since article 3924, placed by the codifier in Rev. St. 1911, tit. 58, did not, before amendment of provisions of such title, fixing maximum fees of officers, affect the same, it is not now applicable to said provisions.

On Motion for Rehearing.

11. SHERIFFS AND CONSTABLES ⬅71—FEES—STATUTE—CONSTRUCTION.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3881, fixing maximum amount of fees which may be retained by sheriff and other officers, should not be construed so that maximum compensations of sheriff will be reduced by his having to pay out of his own pocket necessary expenses of conducting his office.

Appeal from District Court, Harris County; Henry J. Dannanbaum, Judge.

Suit by the County of Harris against M. F. Hammond and others. From the judgment rendered, plaintiff appeals. Affirmed in part and reversed and rendered in part.

Jno. H. Crooker and Fisher, Campbell & Amerman, all of Houston, for appellant. Andrews, Streetman, Burns & Logue and R. W. Franklin, all of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against appellee Frank Hammond, sheriff of Harris county, and his official bondsmen, for an accounting of fees and other amounts received by him as sheriff of said county during the years 1915 and 1916, and for recovery of the amounts so received by him in excess of the maximum compensation of $5,000 allowed him by the statute commonly known and designated as the "Fee Bill."

The principal items involved in the controversy, and which the sheriff contends are not fees of office for which he is required to account under the provisions of the fee bill, are the amounts allowed and paid him by the commissioners' court of Harris county for the safe-keeping and support of county prisoners. These amounts were alleged to be $23,621.60 for the year 1915, and $26,726.40 for the year 1916. The next largest amount claimed by the county was the sum of $1,500 fees in tax suits earned by the sheriff in 1915 and collected by him in 1916.

The trial court sustained an exception interposed by the defendants to the claim of the county that sums allowed the sheriff by the commissioners' court for the safe-keeping and support of prisoners were fees of office in the purview of the fee bill, and should be reported and accounted for under the provisions of the statute. When this exception was sustained the county amended its petition, and alleged that it was the duty

of the sheriff to expend entire amounts allowed him by the commissioners' court for that purpose in the safe-keeping, support, and maintenance of the county prisoners; that the whole of said amount had not been so expended; and that the sheriff had procured the allowance and payment of his claim for said amounts by the commissioners' court by falsely representing to said court that he had so expended said amounts. This amendment further alleged that the claims were allowed by the commissioners' court under a mistake of fact, and prayed that the sheriff be required to render an account showing the sums actually expended by him in the safe-keeping, support, and maintenance of prisoners.

The trial court sustained exceptions to the amendment on the ground that the allowance and payment of the account by the commissioners' court was a judgment, and that plaintiff's allegations of fraud and mistake were not sufficient to authorize a reopening of the question determined by such judgment. Defendant's exceptions to the plaintiff's claim for an accounting of the fees earned and collected by the sheriff in tax suits were overruled. Other similar items involved in the controversy will be hereinafter mentioned and disposed of.

Appellant's first assignment of error is as follows:

"The court erred in sustaining the special exception of the defendants, designated in their original answer as paragraph (a) of subdivision IV, and in holding in effect that the amounts paid the sheriff for the safe-keeping, support, and maintenance of prisoners are not 'fees' of office, but 'charges,' and that the sheriff is entitled to receive and to retain the entire amount allowed him by the commissioners' court for the safe-keeping, support, and maintenance of prisoners, and is not required to take the same into account in arriving at his maximum salary, after taking credit for the actual cost to him incident to the service rendered.

"Said ruling was error in this, that the law does not contemplate that the sheriff should make a profit out of the feeding of prisoners in addition to the maximum salary allowed by law, but that the amounts allowed him for the safe-keeping, support, and maintenance of prisoners are paid him by virtue of his office, and all such amounts must be accounted for under the 'Maximum Fee Bill,' after deducting his actual expense in performing this duty, as provided in article 3897 of the Revised Statutes of Texas."

Under this assignment it is urgently insisted that the term "fees of all kinds," used in article 3881, Vernon's Sayles' Texas Civil Statutes, embraced every kind of compensation allowed by law to an officer which is not expressly excepted by some statutory provision; and, since the allowance to sheriffs for board and safe-keeping of prisoners are not so excepted, such allowances are within the purview of the "fee bill" statute, and must be reported and accounted for by sheriffs in accordance with the provisions of that statute.

The first act of our Legislature limiting

the amount of fees which county officers could retain as compensation for their official services was passed in 1897. This act as passed did not fix the maximum amount of fees which sheriffs were allowed to retain, but contained provisions exempting certain sums allowed sheriffs from the provisions of the act requiring fees of officers to be reported and accounted for. Among other receipts of sheriffs mentioned in these exceptions were "all sums received from the county for the safe-keeping, support, and maintenance of prisoners confined in jail." The only reasonable explanation of the fact that exceptions are found in a bill which does not purport or attempt to limit the compensation of sheriffs is that the bill as introduced did include sheriffs with the other county officers whose maximum compensation was fixed by its provisions, and in its passage through the Legislature it was amended by the provision fixing the maximum amount of fees sheriffs were allowed to retain being stricken out while the exceptions above referred to were left in the bill. It is not material, however, how the thing happened; the fact is from 1897 to 1913 we had a statute excepting certain sums received by sheriffs from the provisions of the statute fixing the maximum compensation of some county officers, but not the compensations of sheriffs.

In 1913 the maximum fee bill was amended by including sheriffs in the list of county officers affected by the provisions of the bill. The statute was further amended by eliminating therefrom the exceptions before mentioned contained in the original act of 1897. The provisions of the statute, the construction and application of which must determine the questions presented by this appeal, are as follows:

Article 3881 provides:

"Hereafter the maximum amount of fees of all kinds that may be retained by any officer mentioned in this section (article) as compensation for services shall be as follows," etc.

Article 3888 provides:

"The amounts allowed to each officer mentioned in articles 3881 to 3886 inclusive, may be retained out of the fees collected by him under existing laws," etc.

Article 3889 provides:

"Each officer named in this chapter shall first, out of the fees of his office, pay or be paid the amount allowed him under the provisions of this chapter, together with the salaries of his assistants or deputies. If the fees of such officer collected in any year be more than the amount needed to pay the amount allowed such officer and his assistants and deputies, the same shall be deemed excess fees, and of such excess fees such officer shall retain one-fourth. All amounts received by such officer as fees of his office besides those which he is allowed to retain by the provisions of this chapter shall be paid into the county treasury of such county."

Article 3894 provides:

"It shall be the duty of those officials named in articles 3881 to 3886, and also the sheriffs, to keep a correct statement of the sums coming into their hands as fees and commissions, in a book to be provided by them for that purpose, in which the officer at the time when any fees or money shall come into his hands shall enter the same."

Article 3895 provides:

"Each officer mentioned in articles 3881 to 3886, and also the sheriff, shall, at the close of each fiscal year, make to the district court of the county in which he resides a sworn statement showing the amount of fees collected by him during the fiscal year, and the amount of fees charged and not collected, and by whom due," etc.

Article 3897 is as follows:

"At the close of each month of his tenure of such office, each officer whose fees are affected by the provisions of this act shall make as a part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his said office, such as stationery, stamps, telephone, traveling expenses, and other necessary expense. If such expense be incurred in connection with any particular case, such statement shall name such case. Such expense account shall be subject to the audit of the county auditor, and if it appear that any item of such expense was not incurred by such officer, or that such item was not necessary thereto, such item may be by such auditor or court rejected, in which case the correctness of such item may be adjudicated in any court of competent jurisdiction. The amount of such expense, referred to in this paragraph, shall not be taken to include the salaries of assistants or the deputies which are elsewhere herein provided for. The amount of such expense shall be deducted by the officer in making each such report, from the amount due, if any due, by him to the county under the provisions of this act."

Article 3903 provides for the appointment of deputies, the fixing of their salary, and the deduction of their salaries from the maximum amount allowed to the various officers under the fee bill.

Article 1142 of the Code of Criminal Procedure, as amended in 1911, is as follows:

"Allowance to sheriff for prisoners.—For the safe-keeping, support and maintenance of prisoners confined in jail or under guard the sheriff shall be allowed the following charges: (1) For each prisoner for each day, such amount as may be fixed by the commissioners' court, provided the same shall be reasonably sufficient as compensation for such service, and in no event shall it be less than forty cents per day for each prisoner, nor more than fifty cents for each prisoner per day. (2) For necessary medical bill and reasonable extra compensation for attention to a prisoner during sickness, such an amount as the commissioners' court of the county where the prisoner is confined may determine to be just and proper. (3) The reasonable funeral expenses in case of death."

Article 1143 of the Code of Criminal Procedure contains a provision with reference to an allowance for guards.

Article 1144 of the Code of Criminal Procedure provides:

"Sheriff shall pay what expenses, to be reimbursed by county.—It is the duty of the sheriff to pay the expenses of jurors empaneled in cases of felony (except when they are paid by the juror himself), the expense of employing and maintaining a guard, and to support and take care of all prisoners, for all of which he shall be reimbursed by the proper county accord-

ing to the rates fixed in the two preceding articles."

Article 1145 provides for the presentation of an account for expenses incurred for food and lodging of jurors; and articles 1146 and 1147 provide for the examination, approval, and payment of such account.

Article 1148 provides:

"At each regular term of the commissioners' court, the sheriff shall present his account to such court for the expenses incurred by him since the last account presented for the safekeeping, support and maintenance of prisoners, including guards employed, if any. Such account shall state the name of each prisoner, and each item of expense incurred on account of such prisoner, and the rate of each item, the name of each guard employed, the length of time employed, and the purpose of such employment, and shall be verified by the affidavit of the sheriff."

Article 1149 provides:

"The commissioners' court shall examine the account named in the preceding article, and allow the same, or so much thereof as may be reasonable, and in accordance with law, and shall order a draft to be issued to the sheriff for the amount so allowed, upon the treasurer of the county; and such account shall be filed and safely kept in the office of the clerk of such court."

The question of whether the amounts allowed a sheriff by the county for the safekeeping, feeding, and care of prisoners in the county jail, which the statute designates as "charges," can be regarded as fees of the office of sheriff, in the purview of the maximum fee bill, has not been decided by our Supreme Court, nor by any of our appellate courts.

In the case of City of Austin v. Johns, 62 Tex. 179, our Supreme Court held that commissions allowed a city attorney for collecting money due the city were "fees" of office. The opinion in that case quotes with approval the definition of the word "fees," as given by both Burrill and Bouvier in their respective Law Dictionaries, as "the reward, compensation, or wages allowed by law to an officer for *services* performed by him in the discharge of his official duties." The word is given the same definition in substance in Webster's Unabridged Dictionary.

The case of Ellis Co. v. Thompson, 95 Tex. 22, 64 S. W. 927, 66 S. W. 48, also holds that commissions allowed a county clerk on fines collected by him are included in the terms "fees of all kinds," used in the maximum fee bill, and that said term "embraces every kind of compensation allowed by law to a clerk of the county court unless excepted by some provision of the statute." The only question under consideration by the court in the Thompson Case was whether the commissions allowed a county clerk for collections made by him were included in the term "fees of all kinds" used in the maximum fee bill, and in view of the opinion in the Johns Case, before cited, and the fact that the fee bill expressly required the clerk to keep a correct account of the fees and commissions received by him, we do not think the court could have reason-

ably held otherwise than that the commissions in controversy had to be accounted for under the fee bill. The broad statement in the opinion that the term "fees of all kinds" used in the fee bill embraces every kind of compensation allowed by law to a clerk of the county court, unless excepted by some provision of the statute, may or may not be correct. Such holding was not necessary to a decision of the question presented in the case, and is clearly obiter dictum; but conceding, for the sake of argument, that it is a correct statement of the law, it cannot be regarded as authority for the proposition that the board bill or charges of a sheriff for the feeding and care of prisoners in jail is a fee of office, and must be accounted for under the provisions of the fee bill.

This question has been passed upon by the Attorney General, and in an opinion from that office given upon the request of the county auditor of Dallas county, just after the amendment to the statute placing sheriffs under its provisions went into effect, it is held that the charges allowed a sheriff for the support and care of prisoners in jail are not fees of office, and not subject to the provisions of the fee bill, and such charges "cannot be included in estimating the maximum amount of fees the sheriff may retain." This opinion has been uniformly followed by the other officials whose duty it has been to enforce this statute.

[1] While the opinions of the Attorney General are not binding upon the courts, it is a well-recognized rule of decision in this state that when the construction of a statute is doubtful the construction given it by the officers of the state expressly charged with the duty of its enforcement is entitled to great weight, and, unless the court is clearly of opinion that such construction is erroneous, it should not give the statute a different meaning. Ry. Co. v. State, 81 Tex. 602, 17 S. W. 67; Stevens v. Campbell, 26 Tex. Civ. App. 213, 63 S. W. 161.

[2] If, however, the question had not been passed upon by the Attorney General, and was one of first impression, we would not reach the conclusion that the Legislature intended that the charges of a sheriff for the feeding and care of prisoners in jail should be included in the term "fees of all kinds," used in the fee bill. We agree with the Attorney General that no recognized legal definition of "fees of office" would include such charges, which "involve special expenditures of money made by the sheriff in the purchase of food for prisoners and in having the same prepared and served to them. It could not be considered a fee of office under the act of 1897, as amended by the act of 1913, so as to affect the maximum amount of fees of office a sheriff might retain."

[3] Because of the fact that the price of foodstuff and the costs of its preparation and of serving it to prisoners is liable to fluctuation at any time, the Legislature, we think,

wisely authorized the commissioners' court from time to time to make a fixed allowance for the support and maintenance of prisoners; and when the court, acting under the authority of the statute, fixes this allowance within the limits prescribed by the statute, it is intended that there should be no accounting between the sheriff and the county in this matter. If it should cost him more than the amount fixed it is his loss, and if he should make some profit it belongs to him as perquisite of the office, for which he is not required to account under the provisions of the maximum fee bill.

Our Constitution in creating the office of sheriff provides that the "duties, perquisites, and fees of office shall be prescribed by the Legislature." A perquisite, as defined in Century Dictionary, is "an incidental emolument, profit, gain, or fee, over and above the fixed or settled income, salary, or wages; something received incidentally and in addition to regular salary, wages, fees," etc. This is a distinct authorization by the Constitution for giving compensation to sheriffs which is separate and distinct from fees of office, and it seems to us that whatever incidental profit or gain may come from allowance made him by the statute for the board and care of prisoners is a perquisite or emolument as distinguished from a fee of office.

With this well-established distinction between perquisites and fees of office, we think, if the Legislature had intended to include perquisites of office other than fees in the provisions of the maximum fee bill, it would have expressed its will in this respect by the employment of apt and appropriate words. These conclusions are supported by decision of courts of other states, among which we cite the following: Feagin v. Comptroller, 42 Ala. 516; Seiler v. State, 160 Ind. 605, 65 N. E. 922, 66 N. E. 946, 67 N. E. 448; State v. Flynn, 161 Ind. 554, 69 N. E. 159; Apple v. County of Crawford, 105 Pa. 300, 51 Am. Rep. 205.

[4] The second assignment of error complains of the ruling of the trial court' sustaining appellee's exceptions to the allegations of plaintiff's petition attacking the orders of the commissioners' court approving defendant's accounts for the safe-keeping, support, and maintenance of prisoners in jail on the grounds of fraud and mistake. There were no specific allegations of fraud or mistake other than that the sheriff, in presenting his account and report, concealed from the court the actual cost of the safe-keeping, support, and maintenance of the prisoners, and that the court in allowing such accounts acted upon the mistaken belief that the cost was 40 cents for each prisoner, as claimed in the report, when in fact the cost was less than said amount. It follows, from what we have said in disposing of the first assignment, that the trial court did not err in sustaining exceptions to these allegations of the petition.

203 S.W.—29

[5] Appellant also complains, under appropriate assignments, of the ruling of the trial court in allowing defendant credit in the expense accounts filed by him, under the provisions of article 3897 of the statute before cited, for $599.40, costs and charges paid by the defendant in civil cases in which the county was not a party, $244.75 advanced by the sheriff to indigent witnesses served by him with process issued in criminal cases in counties other than Harris county, $548.98 expenses of conveying defendants in felony cases outside of Harris county, and $13.50 expenses of obtaining requisition for criminals from other states.

The first of these items was objected to on the ground that the costs and expenses incurred by the sheriff in civil cases must be paid by the litigants themselves, and cannot be made a charge against the county in suits to which the county was not a party. The other items were objected to on the ground that each of them is a claim against the state, and the county cannot be held liable therefor. Article 3897 expressly provides that the sheriff shall, at the close of each month, make a sworn itemized statement—

"of all the actual and necessary expenses incurred by him in the conduct of his said office, such as stationery, stamps, telephone, traveling expenses, and other necessary expense. If such expense be incurred in connection with any particular case, such statement shall name such case. Such expense account shall be subject to the audit of the county auditor, and if it appear that any item of such expense was not incurred by such officer, or that such item was not necessary thereto, such item may be by such auditor or court rejected, in which case the correctness of such item may be adjudicated in any court of competent jurisdiction."

It is not contended by the appellant that these items were not necessary expenses incurred in the conduct of the sheriff's office. The amounts, when collected from the litigants in the civil cases or from the state, must be accounted for by the sheriff. These items are not direct charges against the county, but are only payable out of the fees collected by the sheriff, and, if he is not allowed to charge the fees collected by him with all of the necessary expenses of his office, he will not receive the maximum compensation allowed him by the fee bill. We do not think the court erred in allowing these items.

[6] By the sixth assignment of error appellant complains of the judgment of the trial court allowing defendant credit, as necessary expense incurred in the conduct of his office, the sum of $1,138.86 paid for gasoline and repairs for automobiles owned and used by defendant in performing the duties of his office. The evidence shows that these automobiles were used by the defendant to some extent in attending to his private business and social affairs, but the greater portion of their use was in performing the duties of his office. There is no evidence showing what portion of the amount claimed was expended

for gasoline for the automobiles when they were used in the performance of the duties of the office. It goes without saying that defendant was not entitled to credit for the expense of operating the automobiles for his private benefit or pleasure. We are further of opinion that, even when he used the automobiles in performing the duties of his office, the expense of their operation should not be regarded as expense necessarily incurred in the conduct of the office. It would hardly be contended that a sheriff could charge his office with feed for his horse or the upkeep and repairs of his buggy, though he often uses both in carrying on the business of his office, and there can be no difference in this respect between the feed for a horse and care and repairs of a buggy and the expense of operating an automobile. We think this assignment should be sustained.

[7] By a cross-assignment appellee assails the ruling of the court overruling defendant's exception to plaintiff's petition on the ground that the amendment in chapter 4, tit. 58, Revised Statutes of 1911, by which sheriffs were placed under the provisions of the maximum fee bill, is void because not passed in the manner prescribed by the Constitution.

The provisions of the Constitution which appellee claims were violated by the Legislature in amending the statute is section 30, art. 3. This section provides that "no law shall be passed, except by bill, and no" law "shall be so amended in its passage through either house as to change its original purpose." The bill, which was No. 164, as finally passed and now on file in the office of the Secretary of State, has the following caption: "An act to amend articles 3881, 3882, 3883, 3887, 3889, 3893 and 3903 of the Revised Statutes of Texas of 1911." The journal of the house shows that house bill No. 164, when signed by the presiding officer of the house, had the following caption: "An act to provide for the payment of salaries of all district attorneys and county and precinct officials, and providing that the fees to which they are now entitled shall be collected by them and paid into the county treasury of their respective counties, and abolishing the fees allowed district attorneys." If we could look to the journal for the purpose of showing the invalidity of a bill which upon its face as finally passed is valid and constitutional, we would be compelled to hold that the provision of the Constitution above quoted was violated in the passage of this bill. It is settled, however, by the decisions of our Supreme Court that the journals kept by the Legislature cannot be considered for this purpose. Williams v. Taylor, 83 Tex. 667, 19 S. W. 156; Knox v. State, 62 Tex. Cr. R. 512, 138 S. W. 787. The reasons for this holding are fully set out in the cases cited, and will not be repeated here.

[8] Under an additional cross-assignment appellee contends that the court erred in not sustaining his exception to the petition on the ground that under article 3924, tit. 58, c. 4, of our Revised Statutes of 1911, which title includes the maximum fee bill, the item of $1,557.96 fees earned in tax suits was not subject to the provisions of the maximum fee bill, and defendant could not be made to account therefor. Article 3924 is as follows:

"Any * * * fees of office not embraced within this title; but otherwise provided for, shall not be affected by the provisions hereof."

The fees allowed a sheriff in tax suits are not embraced in title 58 of the Revised Statutes, but are provided for in the statute authorizing suits for the collection of delinquent taxes. The maximum fee bill enacted in 1897 was not passed as an amendment to the statute fixing the fees of officers, but as a separate bill, which did not purport to change the schedule of fees which officers were allowed to charge and collect; its purpose being to require officers to report the fees collected by them and the necessary expenses of conducting their offices, and limiting the amount of fees each officer could retain after deducting his expenses therefrom. Article 3924, above quoted, was incorporated in the Revised Statutes of 1895 in the title and chapter fixing fees of officers. Its obvious purpose in the statute in which it was placed was to avoid any question as to the right of officers to collect fees not embraced in the chapter in which it was incorporated, but otherwise provided for. The schedule of fees fixed in that chapter does not include fees of officers authorized by provisions of the Criminal Code of Procedure and statutes regulating other matters, both civil and criminal. We think it clear that when the codifiers, in arranging the titles for the Revised Statutes of 1911, placed the maximum fee bill under the same title with the statute fixing the fees which officers were authorized to collect, they had no intention of applying article 3924 to the provisions of the maximum fee bill, and, if they had so intended, the placing of the two statutes under the same title could not be given that effect. The Legislature in adopting the Revised Statutes of 1911 declared:

"That the provisions of the Revised Statutes, so far as they are substantially the same as the statutes of this state in force at the time when the Revised Statutes shall go into effect, or of the common law in force in this state at said time, shall be construed as continuations thereof, and not as new enactments of the same." Rev. St. 1911, p. 1720, § 16.

[9] The intention to alter or change the provisions of the fee bill statute, which by express terms is applicable to fees of all kinds, cannot be inferred merely from the fact that it was in the revision of the statutes placed under a title which contained a statute relating to a different matter, and which as originally passed was not intended to effect the provisions of the maximum fee bill. Laws cannot be repealed or amended by implication in this manner. Ry. Co. v. Hill & Norris, 97 Tex. 506, 80 S. W. 368; Hartford Ins. Co. v. Walker, 94 Tex. 473, 61 S.

W. 711; Fischer v. Simon, 95 Tex. 234, 66 S. W. 447, 882.

[10] No broader application can be given to article 3924 because of the fact that the act of 1913, amending the maximum fee bill, amends the articles of title 58 of the statute, which now constitute the maximum fee bill. If article 3924 did not affect the provisions of the statute fixing the maximum fees of officers before said statutes were amended, it is not now applicable to said provisions. We think the ruling of the trial court upon this question was correct.

What we have said disposes of all the questions presented by this appeal. In our opinion, the only error in the judgment was the allowance to the defendant of the expenses of operating his automobiles. As to this item the judgment is reversed and judgment here rendered for appellant. In all other respects the judgment is affirmed.

Affirmed in part. Reversed and rendered in part.

### On Motion for Rehearing.

Both appellant and appellees have filed motions for rehearing. While nothing is presented in either motion that was not presented in the briefs, we have again considered all of the questions raised, and feel constrained to adhere to the conclusions expressed in our opinion heretofore filed.

In its motion for rehearing appellant requests that we file additional conclusions of law upon the question of the right of the sheriff to include in his monthly expense accounts, which he is required to file under the provisions of article 3897 of Vernon's Sayles' Civil Statutes, expenses incurred by him in civil cases which are charged against the litigants, and expenses incurred in performing services for the state for which the state is obligated to pay him. Upon this question appellant reasserts the following proposition presented in its brief:

"It is improper for an officer to deduct an expense payable by a litigant, or the state, and to charge the same to the county; and when the party made liable by law pays the amount, to take it in and enter it as a fee of office, as this practice improperly swells his fee account, and enables him to get the benefit of illegal excess fees, either in paying himself or for use in his office."

In disposing of this question in our main opinion we say:

"It is not contended by the appellant that these items were not necessary expenses incurred in the conduct of the sheriff's office. The amounts, when collected from the litigants in the civil cases or from the state, must be accounted for by the sheriff. These items are not direct charges against the county, but are only payable out of fees collected by the sheriff, and, if he is not allowed to charge the fees collected by him with all of the necessary expenses of his office, he will not receive the maximum compensation allowed him by the fee bill. We do not think the court erred in allowing these items."

Counsel for appellant seem especially grieved that this court should concern itself with the question of whether a sheriff receives the maximum compensation allowed him by the statute. It is unnecessary for us to state that we have no concern in the matter other than to interpret the statute as in our opinion it was intended by the Legislature. We think it plain from the language of the statute that the Legislature intended that every sheriff should have the maximum compensation fixed by statute if he earned it, and for this reason provided that he should render a monthly report of all the necessary expenses incurred in the conduct of his office, and such expenses should be paid out of the proceeds of the office collected by the sheriff.

[11] Unless he is allowed to charge these expenses he cannot reimburse himself, and when, as in the present case, the fees collected by him are largely in excess of the maximum compensation allowed him by the statute, he must turn over the excess to the county, and have his maximum compensation reduced by his having to pay necessary expenses of conducting his office out of his own pocket. We do not think the statute should be so construed.

There is no contention that the sheriff in this case, by including the items in controversy in his expense accounts, has received a dollar to which he is not entitled, nor that the county has lost a dollar; but it is insisted that it is not a proper method of bookkeeping, and that under such a system of accounting sheriffs, when the fees collected by him are sufficient, will always receive the maximum compensation allowed by the statute, and will never have to pocket the loss of expenses incurred in the conduct of his office. We think that is just what the statute intended.

From what we have said it follows that the motions should be overruled, and it has been ordered.