**HAMMOND v. HARRIS COUNTY.***
(No. 829.)

(Court of Civil Appeals of Texas.  Beaumont. July 6, 1922.  Rehearing Denied Oct. 11, 1922.)

1. **Sheriffs and constables** ⊙⟹71—**Expenses of sheriff in purchasing gasoline and oil and making automobile repairs held not "necessary expenses" of his office.**

A sheriff held not entitled to deduct from the excess fees of his office due to the county expenses incurred by him for gasoline and lubricating oils, and in making repairs upon his automobile, although the automobile was used by him exclusively in the discharge of his duties as sheriff; such expenses not constituting "necessary expenses incurred by him in the conduct of his said office" within Vernon's Sayles' Ann. Civ. St. 1914, art. 3897, entitling

him thereto, in view of Vernon's Ann. Code Cr. Proc. 1916, art. 1122, subd. 5.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary Expenses.]

**2. Sheriffs and constables ⬪⟹71—Expenses incurred by sheriff in hiring automobiles held not "necessary expenses" within statute authorizing deduction therefor from fees due county.**

Expenses incurred by sheriff in hiring automobiles owned by other persons for the conveyance of prisoners, etc., *held* not "necessary expenses" of the office within Vernon's Sayles' Ann. Civ. St. 1914, art. 3897, authorizing the sheriff to deduct "necessary expenses" of office from excess fees of office due to the county, in view of Vernon's Ann. Code Cr. Proc. 1916, art. 1122, subd. 5.

**3. Statutes ⬪⟹219—Construction of Attorney General's department followed in case of reasonable doubt.**

The construction placed on a statute by the Attorney General's department, though not conclusive, is persuasive, and should be followed by the court if there is a reasonable doubt.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by the County of Harris against M. F. Hammond. Judgment for plaintiff, and defendant appeals. Affirmed.

Sam Streetman and R. W. Franklin, both of Houston, for appellant.

Louis, Campbell & Nicholson, of Houston, for appellee.

HIGHTOWER, C. J. We take the following statement from appellee's brief, showing the nature and result of this suit:

"The appellant, M. F. Hammond, was sheriff of Harris county from November 30, 1916, to November 30, 1918. During said term of office he collected as fees of office, and retained in excess of the maximum compensation allowed him by the fee bill, $614.83. After the expiration of his term of office there were collected by other officers as fees of office earned by appellant during the years 1917 and 1918 the following amounts:

| | |
|---|---:|
| For 1917 | $ 662.56 |
| For 1918 | 1,300.75 |

"Such officers paid to appellant his one-fourth of said fees, and paid into the registry of the district court in which this cause was pending, the other three-fourths thereof in amounts as follows:

| | |
|---|---:|
| For 1917 | $ 496.92 |
| For 1918 | 975.56 |
| | $1,472.48 |

"During appellant's said term of office he had paid out as expenses in connection with the discharge of the duties of his office the sum of $1,499.49 during the year 1917, and the sum of $1,620.19 during the year 1918. This money was spent by him for the following purposes: (1) For the purchase of gasoline and lubricat-

ing oil, and the payment for necessary repairs in connection with the operation of two automobiles used by him exclusively in performing the duties of his office; (2) hire of automobiles for conveying prisoners from different parts of the county to the county jail; (3) hire of automobiles 'for delivering election supplies to election officers in various parts of the county. Appellant retained the excess fees in the sum of $614.83 collected by him, and applied the same to reimburse himself, to that extent, for such expenses, and sued to have turned over to him the money which had been paid by the other officers into the registry of the court, claiming the right to apply the same in further reimbursement for the moneys which he had paid out for the expenses above referred to. The county claimed that he was not entitled to be reimbursed for such expenses out of the three-fourths excess fees which were otherwise due and payable to the county, and that he had improperly so applied the $614.83 which he had collected and retained during his term of office, and prayed judgment against him for said amount. Appellant claimed the right to be reimbursed out of such excess fees for said expenses by reason of article 3897, Vernon's Sayles' Annotated Civil Statutes. Appellant had filed with the county auditor his claim for such expenses in connection with his accounts which had been filed as required by law, but the auditor had refused to allow the same.

"The trial court upheld the contention of the county, and denied appellant the right to receive any of the fees which had been deposited in the registry of the court, and gave the county judgment for the excess fees which appellant had collected and retained during his said term of office, and applied to the payment of expenses of such nature.

"This appeal involves the construction of article 3897, above referred to."

Appellant attacks the judgment of the trial court by four assignments of error. Under these assignments the following propositions are submitted:

First proposition: "The expenses reasonably and necessarily incurred by a sheriff for gasoline, lubricating oil and repairs to automobiles used exclusively in the conduct of his office as sheriff are expenses of such office within the meaning of article 3897, Revised Statutes of the state of Texas, and such officer is entitled to retain the same and reimburse himself therefor out of fees collected by him as such officer."

Second proposition: "Expenses incurred by a sheriff in the hire of automobiles for the purpose of transporting prisoners from the place of arrest to the nearest place of custody, and likewise for transporting prisoners from places of custody other than the county seat to the county jail, are necessary expenses in the conduct of the office of sheriff, and such officer is entitled to reimburse himself for such expenses out of fees of office collected by him."

To these propositions advanced by appellant, the appellee, county of Harris, makes the following counter propositions:

"Under article 3897 appellant was not entitled to deduct from the excess fees of office due to the county expenses incurred by him in the purchase of gasoline and lubricating oils, and in making repairs upon his automobiles, and for the hire of automobiles for the conveyance of prisoners and election supplies."

"Appellant was not entitled to deduct expenses paid for hire of automobiles in conveying prisoners, where the law allowed him mileage for conveying such prisoners."

Upon the trial below the parties entered into the following agreement:

"For the purpose of facilitating the trial of the above cause, it is agreed by and between the parties hereto, as follows:

"That plaintiff was duly elected, qualified and acting as sheriff of Harris county, Tex., from December 1, 1914, to November 30, 1918, inclusive. That there is now in the registry of this court the following amounts paid in by various officers of Harris county as fees·earned by the plaintiff as sheriff during the years hereinafter shown, after deducting that portion of the excess to which said plaintiff was entitled out of the fees earned during said years, to wit:

Year 1917........................................: $ 496.92
Year 1918........................................: 975.56

Aggregating the sum of...................... $1,472.48

"It is agreed that, in addition to the amounts now in the registry of the court as aforesaid, the plaintiff was indebted to the defendant, Harris county, in the sum of $614.83, excess fees, at the expiration of his term of office in 1918, without taking into account or giving consideration to the items of expense sued for by the plaintiff alleged to have been incurred and paid by him during the years 1917 and 1918.

"It is agreed that during the years 1917 and 1918 the plaintiff, in the discharge of the duties of his office as sheriff of Harris county, expended for gasoline, lubricating oil and necessary repairs upon automobiles used by him in connection with the discharge of the duties of, his office, and for the hire of automobiles used by him in connection with the discharge of the duties of his office, in the amounts and items and at the times as set out in his petition filed herein, and that the amounts so paid out were reasonable, and that said items of expense have not been approved by the county auditor, nor allowed by Harris county to the plaintiff, nor paid to him, and that such items are not taken into account or given consideration in arriving at the amount of excess fees due by the plaintiff to Harris county at the expiration of his term of office in 1918, as set out above.

"It is agreed that the amount set out in plaintiff's petition as expense paid out for the hire of automobiles is made up of the following items, to wit: [Here follows an itemized statement showing expenses incurred by appellant as sheriff of Harris county for the hire of automobiles used exclusively in the discharge of his duty as sheriff of Harris county in conveying, etc., prisoners arrested by him as such sheriff.]"

It was also shown by the undisputed evidence that the expenses so incurred by appellant in the hire of automobiles were reasonable and necessary. We think that no further statement of fact is necessary in order to a disposition of the. legal questions presented by appellant's propositions above stated.

[1] We think that appellant was not entitled, under article 3897 above mentioned, to deduct from the excess fees of his office due to the county expenses incurred by him in the purchase of gasoline and lubricating oils, and in making repairs upon his automobiles, though used by him exclusively in the discharge of his duties as sheriff of Harris county. The point was expressly so ruled by the Galveston Court of Civil Appeals in Harris County v. Hammond et al., 203 S. W. 445, in a very clear and full opinion by Chief Justice Pleasants. The reason for the ruling in that case, as given by the court, is unquestionably sound, and needs no amplification at our hands. Among other things Judge Pleasants said:

"It goes without saying that defendant was not entitled to credit for the expense of operating the automobiles for his private benefit or pleasure. We are further of opinion that, even when he used the automobiles in performing the duties of his office, the expense of their operation should not be regarded as expense necessarily incurred in the conduct of the office. It would hardly be contended that a sheriff could charge his office with feed for his horse or the upkeep and repairs of his buggy, · though he often uses both in carrying on the business of his office, and there can be no difference in this respect between the feed for a horse and care and repairs of a buggy and the expense of operating an automobile."

[2] Nor do we think that article 3897 authorizes a sheriff to hire automobiles owned by other persons for the use of the sheriff in the conveyance of prisoners, etc., and to charge the county with such expense. For, if the county is not chargeable with the price of gasoline, upkeep, etc., of the sheriff's own automobile used in the discharge of his official duties, we cannot see any reason for holding that the sheriff might hire an automobile belonging to another and charge the county with the cost of such hire. If a proper construction of article 3897 requires a holding that a sheriff may hire automobiles belonging to other persons for the purpose of discharging his official duties in conveying prisoners and election supplies, etc., to and from different parts of his county, and make the cost of such hire chargeable against the county, then, of course, no sheriff would be so foolish as to use his own automobile in the discharge of such official duties, and keep the same up, etc., at his own expense. It seems to us that it would be nonsensical to say that a sheriff is not authorized by article 3897 to charge the county with oil and gasoline used in his own automobile, or the upkeep thereof, when used in the discharge of his official duties in his county, and at the same time

so construe the article as to permit a sheriff to hire another's automobile in the discharge of such duties and charge the county therewith.

Article 1122 of the Code of Criminal Procedure of this state (Vernon's Criminal Statutes 1916) reads as follows:

"*Fees to Sheriff or Constable.*—The \sheriffs and constables of this state shall receive the following fees: * * *

"5. For removing or conveying prisoners, for each mile going and coming, including guards, and all other necessary expenses when traveling by railroad, ten cents. When traveling otherwise than by railroad, fourteen cents; provided, that where more than one prisoner is so conveyed or removed at the same time, in addition to the foregoing, he shall only be allowed eight cents per mile for each additional prisoner; provided, that when an officer goes beyond the limits of this state after a fugitive on requisition of the Governor, he shall receive such compensation only as the Governor shall allow for such services."

We think that article 3897 of the Revised Statutes should be read and construed in the light of subdivision 5 of article 1122 of the Code of Criminal Procedure, above quoted, and that it should be held that it was never contemplated by the Legislature in enacting article 3897 that a county should be chargeable with the hire of an automobile by a sheriff for the conveyance of prisoners to and from points in the county, but, on the contrary, that the greatest credit to which the sheriff would be entitled for expenses incurred by him in traveling with prisoners to and from points in his county would be the mileage allowed him under article 1122 of the Code of Criminal Procedure.

The precise point, as we see it, seems to have been held in accordance with our views by the Attorney General's department of this state. There appears to be attached to the appellee's brief in this case, as an exhibit, a letter from the Assistant Attorney General of this state to Hon. H. L. Washburn, county auditor of Harris county, dated March 10, 1919, which fully explains the holding of the Attorney General's department on the point, and which we copy, as follows:

"State of Texas, Attorney General's Department, Austin.

"March 10, 1919.

"Hon. H. L. Washburn, County Auditor, Houston, Texas—Dear Sir: I have your letter of March 4, addressed to the Attorney General, reading as follows: 'Please refer to volume 203, page 449, Southwestern Reporter, in reference to the sixth assignment of error in the case of Harris County v. Hammond, Sheriff. In that case the defendant owned several automobiles and used them in connection with the duties of sheriff—that is, he used the cars for investigation of crime, for arresting and convicting prisoners and other purposes connected with the office, and charged against the expense account authorized by article 3897

all items of repair, upkeep and operation, and the Court of Appeals reversed and rendered that portion of the judgment in favor of the county. Bearing in mind the court's ruling as above set out, would the sheriff be authorized to hire automobiles for the investigation of crime, arrest of prisoners, etc., and charge the rate of hire therefor against his expense account in the same manner that he formerly charged these repairs? This is now the method sought to be pursued to overcome the ruling above mentioned, and I would be pleased to receive your construction of the law as defined by the court when applied to this new state of facts. If you have already ruled upon this matter, a copy of the opinion would suffice.'

"In reply we direct your attention to article 3897, Vernon's Sayles' Civil Statutes, which provides that certain county officials, among them sheriffs, shall: 'At the close of each month of his tenure of such office each officer whose fees are affected by the provisions of this act shall make as a part of the report now required by law, an itemized and sworn statement·of all the actual and necessary expenses incurred by him in the conduct of his said office, such as stationery, stamps, telephone, traveling expenses, and other necessary expenses. If such expense be incurred in connection with any particular case, such statement shall name such case. * * *'

"The expenses that may be allowed are stationery, stamps, telephone, and traveling expenses. In the opinion of this department, the item of 'traveling expenses' was intended to take care of expenses incurred by the officer when the duties of his office called him to make trips out of the county, and was not intended to include such expenses as you mention in your letter. The general term 'and other necessary expenses' merely refers to such necessary expenses as are incident to the 'traveling expenses.' It is a general rule of statutory construction that where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned. This rule is commonly called 'ejusdem generis' rule, because it teaches us that broad and comprehensive expressions in an act, such as 'and all other things,' or 'any others,' are usually to be restricted to persons or things 'of the same kind' or class with those specially named in the preceding words. Black on Interpretation of Laws, p. 141.

"You are, therefore, advised that the auditor and commissioners' court are not authorized to allow and order paid the expenses of a sheriff incurred in hiring automobiles for the investigation of crime or arrest of prisoners, for the reason that there is no statute authorizing the payment of such expenses.

"Yours very truly,

"[Signed] E. F. Smith,
"Assistant Attorney General."

[3] We believe that the construction placed by the Attorney General's department upon article 3897, as shown in his opinion to the

county auditor of Harris county just quoted, was correct, and that the reasons given therefor are sound. True, the courts are not bound in such matters by the ruling of the Attorney General's department, but that department is charged with the duty of construing such statutes as that here in question, and of advising other proper officials of this state as to the construction that should be placed upon such laws, and therefore such rulings by the Attorney General's department should be given careful consideration by the courts, and they are at least persuasive, and, where there is reasonable doubt as to the construction that should be placed upon such a statute, the court will follow the construction placed thereon by the Attorney General's department. In Hammond v. Harris County, supra, Judge Pleasants, alluding to this point, among other things, said:

"When the construction of a statute is doubtful, the construction given it by the officers of the state expressly charged with the duty of its enforcement is entitled to great weight, and, unless the court is clearly of opinion that such construction is erroneous, it should not give the statute a different meaning.

It follows from what we have said above that this court is of the opinion that the judgment in this case was correct, and should be affirmed; and it has been so ordered.