Fred MEYER and Patricia A.
Hill, Appellants,

v.·

J.E. "Buster" BROWN, Appellee.

No. 01–89–1170–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 21, 1989.

Rehearing Denied Dec. 27, 1989.

Richard F. Smith, Jay A. Brandt, Peter A. Warrick, Gardere & Wynne, P. Michael Jung, Strasburger & Price, Dallas, for appellants.

Jerry S. Payne, Lee N. Joseph, Payne & Associates, Houston, J.E. Buster Brown, Lake Jackson, for appellee.

Before SAM BASS, DUNN and HUGHES, JJ.

OPINION

SAM BASS, Justice.

This appeal requires that we determine the eligibility of the appellee, Texas Senator James E. "Buster" Brown, to run for the office of Texas attorney general in the March 1990 Republican primary election. The parties agree that there are no disputed issues of fact, and that the sole question of law is whether the attorney general's retirement benefits constitute an

"emolument" of that office. If so, Senator Brown is barred from running for attorney general by our supreme court's decision in *Strake v. First Court of Appeals*, 704 S.W.2d 746 (Tex.1986).

This controversy arose after appellant Fred Meyer, chairman of the Republican Party of Texas, determined that Senator Brown was ineligible to run for attorney general. Senator Brown sought declaratory relief in the trial court. Appellant Patricia Hill, who also seeks the Republican nomination for attorney general, intervened. The trial court determined that Senator Brown is eligible to run in 1990 and rendered judgment in his favor.

Meyer's determination of Senator Brown's ineligibility was based on his interpretation of article III, section 18, of the Texas Constitution, which provides, in pertinent part:

> No senator ... shall, during the term for which he was elected, be eligible to ... any civil office of profit under this State which shall have been created, or the emoluments of which may have been increased, during such term. . . .

This provision was derived from a similar clause in the United States Constitution. U.S. Const. art. I, § 6, cl. 2. Its principal purpose was to remove any improper personal motive of gain that might influence a legislator to increase the emoluments of a public office with the intention of resigning his legislative post in order to take the office that he helped create or that he made more attractive financially. *Brown v. Strake*, 706 S.W.2d 148, 151 (Tex.App.—Houston [1st Dist.] 1986, orig. proceeding), *overruled sub nom. Strake v. First Court of Appeals*, 704 S.W.2d 746.

Senator Brown was elected to a four-year term in November 1988. On June 16, 1989, the 71st Legislature enacted House Bill 101, which raised salaries for district judges. Ch. 1258, 1989 Tex.Gen.Laws 5073. Because the retirement benefits of elected officials are linked to state district judge salaries, House Bill 101 had the incidental effect of raising the level of retirement benefits payable to the attorney general. Tex.Gov't Code Ann. § 814.103 (Vernon 1989).

In *Strake v. First Court of Appeals*, the supreme court held that the constitutional prohibition in controversy unambiguously "prohibits ... designated legislators from holding an office the emoluments of which are increased." 704 S.W.2d at 748. In that case, the court held that Senator Brown could not run for attorney general in the May 1986 primary, because the legislature had approved a 3% raise for state employees, an increase less than the rate of inflation. *Id.* Relying on the unambiguous constitutional language, the *Strake* court refused to consider whether the constitutional framers intended such a result. *Id.*

"Emoluments" are broadly defined as "the result of exertion; gain or profit; gain from employment or position; payment received for work; salary; wages; fees." *Id.* We have previously held, in another context, that "emoluments" include the perquisites of office received incidentally and in addition to regular salary and wages. *Harris County v. Hammond*, 203 S.W. 445, 449 (Tex.Civ.App.—Galveston 1918, writ ref'd).

Senator Brown argues that retirement benefits are not "emoluments" under Texas law. He contends that the constitutional proscription against increasing "emoluments" applies only to salaries and to per diem expenses. He cites no authority for this proposition.

This is a question of first impression in Texas. The parties cite conflicting cases from other jurisdictions that reach differing conclusions. *See, e.g., State v. Public Employees' Retirement Bd.*, 226 Neb. 176, 410 N.W.2d 463 (1987) (retirement benefits are emoluments); *Campbell v. Kelly*, 157 W.Va. 453, 202 S.E.2d 369 (1974) (pension benefits are not emoluments).

In view of the broad definition of the term "emoluments" adopted in the *Strake* decision, we are constrained from adopting Senator Brown's argument. Emoluments include the gain or profit from employment or position. *Strake*, 704 S.W.2d at 748. Absent an indication from

the constitutional framers to the contrary, we cannot presume that they intended to draw a distinction between vested and contingent emoluments, as Senator Brown argues. *See id.* (silence of framers led to conclusion that all increases in emoluments fell within constitutional proscription). Accordingly, we hold that benefits payable under the Texas employees' retirement system constitute emoluments of office.

■ Senator Brown also argues that House Bill 101 was intended to increase district judge salaries, and only incidentally boosted the attorney general's retirement benefits. He suggests that even if retirement benefits are emoluments of office, the constitutional proscription does not apply to such a nonvolitional, unintentional increase in such emoluments. While this argument has a logical appeal to us, such a holding would conflict with the *Strake* decision, which held that the framers "intended to include all increases." 704 S.W.2d at 748.

We question whether this result is one that could have been intended by the framers of our constitution. The provision in controversy was intended to prohibit a member of the legislature from personally benefitting by an increase in the salary or other compensation of an office he later seeks. *Strake v. First Court of Appeals,* 704 S.W.2d at 749 (Gonzalez, J., dissenting). It seems arbitrary and purposeless to bar a senator such as Brown from seeking higher office absent a showing that he intended to increase the emoluments of that office in order to reap personal profit. Nevertheless, we are bound by the *Strake* decision to reach that conclusion.

Hill requests an award of her attorneys' fees incurred in intervening in the declaratory judgment action. The trial court awarded her no fees. We may review the trial court's decision only for an abuse of discretion. *Houston v. Harris County Outdoor Advertising Ass'n,* 732 S.W.2d 42, 56 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) No abuse of discretion was shown. We overrule Hill's third point of error.

We sustain the other points of error, reverse the judgment of the trial court, and render judgment in favor of the appellants, consistent with this opinion.

DUNN, J., dissents.

DUNN, Justice, dissenting.

I respectfully dissent. In my opinion, Senator Brown is eligible to run for attorney general in 1990 because retirement benefits are not emoluments of office.

I believe that constitutional provisions such as the Texas emoluments clause do not apply to pension benefits. *See, e.g., Campbell v. Kelly,* 157 W.Va. 453, 202 S.E.2d 369, 377 (1974). Other courts have properly defined "emolument" as a benefit creating an immediate pecuniary gain. *See, e.g., State ex rel. Todd v. Reeves,* 196 Wash. 145, 82 P.2d 173 (1938). A retirement benefit, when it is a contingent benefit that vests only after years of service, is not an emolument. *Id.*

Any constitutional or statutory provision that restricts the right to seek public office should be construed against ineligibility. *Strake v. First Court of Appeals,* 704 S.W.2d 746, 750 (Tex.1986) (Gonzalez, J., dissenting) (citing *Hall v. Baum,* 452 S.W.2d 699, 702 (Tex.1970), and *Willis v. Potts,* 377 S.W.2d 622, 623 (Tex.1964)). Under this rule of construction, we should conclude that an emolument does not include such contingent benefits as are provided by the Texas retirement system.

Although the *Strake* majority adopted an expansive definition of emoluments, that decision does not compel us to find that Senator Brown is barred from running for attorney general in 1990. In *Strake,* the supreme court held that any increase in the *salaries* of elected officials triggered the provisions of our emoluments clause. 704 S.W.2d at 748. The holding in *Strake* was limited to the issue before the court—compensation payable in the present. *Strake* did not address contingent retirement benefits. I do not believe that we should extend *Strake* today.

The majority concludes that Senator Brown's possible receipt of additional bene-

fits at retirement bars him from running for attorney general in 1990. I would hold that the possible receipt of future benefits is irrelevant to the question of whether Senator Brown or any other Texas senator is eligible for the office of attorney general in 1990. The emoluments clause applies only to an office that a senator seeks during his unexpired term. Tex. Const. art. III, § 18. The emoluments clause does not make a senator ineligible in cases such as this one, because Senator Brown will not receive any retirement benefits during his current, unexpired term. Holding to the contrary, as does the majority, extends the emoluments clause well beyond its intended reach.

I share the majority's concern that an inflexible application of the emoluments clause leads to arbitrary and unreasonable results. Because I do not believe that the present state of the law mandates such a result, I dissent.