## I. N. STEVENS ET AL. v. J. N. CAMPBELL ET AL.

Decided May 9, 1901.

1.—County Judge—Salary as Ex Officio Superintendent of Schools—Repeal of Law.

The allowance by the commisisoners court of an annual salary of $300 to the county judge for services as ex officio superintendent of schools in a county of less that 15,000 population was not void because in conflict with article 3933, Revised Statutes, fixing his compensation for such services at certain commissions, since that article was repealed by implication by the act of 1897 (Sayles' Civil Statutes, article 2495c).

2.—Same—Action by Taxpayers—Parties—Penalty.

An action to recover money allowed by the commisisoners court to a county judge for services as ex officio county superintendent of education in violation of law can be maintained only by the county, and not by taxpayers thereof; and article 2485, allowing a party from whom higher fees than are provided by law have been exacted to recover fourfold the amount thereof, has no application to such an action.

Appeal from Gregg. Tried below before Hon. J. G. Russell.

*J. L. H. Terry,* for appellants.

*Young & Stinchcomb,* for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought by I. N. Stevens and W. B. Taylor, as citizens and taxpayers of Gregg County, Texas, and patrons of the public schools of said county, against J. N. Campbell, county judge of the county, and the sureties on his official bond, to recover of them certain sums of money alleged to have been unlawfully collected by said judge as compensation for ex officio services as superintendent of public instruction of said county. Plaintiffs also sought to recover as a penalty threefold the sum alleged to have been so unlawfully collected in addition thereto. The suit is brought by plaintiffs for the benefit of the school fund of Gregg County.

The trial court sustained the general demurrer and special exception to the petition, and plaintiffs refusing to further amend, judgment was rendered dismissing the cause. For the purpose of reversing that judgment plaintiffs have appealed.

The amended original petition to which demurrers were sustained, contained in substance the following allegations: That J. N. Campbell was the duly elected and qualified county judge of Gregg County, and as such had executed a bond with his codefendants as sureties. That the county of Gregg had less than 15,000 inhabitants, and no one held the separate office of superintendent of public instruction in the county. That said Campbell was ex officio superintendent of public instruction, and as such his annual salary had been fixed by an order of the Commissioners Court at $300. That for the nine months ending August 15, 1899, he collected from the county treasurer on the order of the Commissioners Court $200, and for the first two quarters of the fiscal year beginning August 15, 1899, he had collected $150. The aggregate of these sums is sued for, and three times the amount as a penalty for collecting the unlawful amount.

It is further averred that by reason of its population the county is not operating its schools under the act of the special session of the Legislature of 1897, but under article 3933 of the Revised Statutes. That under the last named article his commissions as ex officio superintendent would have amounted to no more than $154, and that the act of the Commissioners Court in allowing him a larger sum in the form of a salary was illegal and void. It is unnecessary for the purposes of this opinion to set out at greater length the plaintiffs' allegations.

The plaintiffs having brought their suit on the theory that article 3933, Revised Statutes, was not repealed by the Act of 1897, and that the latter act did not apply to Gregg County, the trial court, in sustaining the demurrers, must have held that the article was repealed by the last named act, and that under said act the Commissioners Court had the power to fix the salary at the sum named and to provide for its payment by the treasurer. This action on the part of the trial court is assigned as error, and a determination of the question thus presented will be decisive of this appeal.

Article 3933, supra, provided that "the county judge who serves as ex officio superintendent of public instruction shall be entitled to the

following compensation: * * *" Then follows a provision that he shall be entitled to certain commissions for disbursing the school fund, and a certain allowance for stationery, postage, etc., such sums to be paid out of the public school fund. Article 3929a, Revised Statutes, provides that when there is no duly elected superintendent of public instruction for the county, the county judge shall ex officio act as such. Article 3930 empowers the commissioners court to abolish the office of superindendent when, in the judgment of that court, it is advisable. Articles 3929a to 3929d, inclusive, provide for the election of a superintendent of public instruction in the various counties, and prescribe his duties and compensation.

In 1897 the Legislature passed an act to prescribe the maximum amount of fees that might be retained by certain officers, which act is embodied in Sayles' Texas Civil Statutes. Under article 2495c of the act the county judge is permitted to retain fees not to exceed in amount $2000 per annum, except in counties of certain prescribed population, in which he may retain from $2250 to $2500 per annum, varying with the population, and in addition thereto one-fourth the excess of fees collected by such officer. The last provision of this article is as follows: "Provided, that in counties where a county judge acts as ex officio superintendent of public instruction, he shall receive such other salary as may be provided by the commissioners court, not to exceed $600 per annum."

Article 2495h provides: "It is not intended by this chapter that the commissioners court shall be debarred from allowing compensation for ex officio services to county officials, not to be included in estimating the maximum provided for in this chapter, when in their judgment such compensation is necessary, provided such compensation for ex officio services shall not exceed the amounts now allowed by law for ex officio services. * * *"

It is contended by appellants that no provisions of the Act of 1897 are inconsistent with article 3933, supra; that under the provisions of 2495h, supra, it is impliedly permitted to remain in force for the purpose of limiting the amount of salary which the commissioners court might allow to county judges for services as ex officio superintendent of public instruction, and therefore can not be held to have been repealed. While this contention is plausible, and not without force, we think it reasonably clear that the Act of 1897, in so far as it affects the salaries of county judges when acting as ex officio superintendents of public instruction, is so inconsistent with article 3933 as to repeal it by implication. Article 2495c of the Act of 1897 expressly empowers the commissioners court to allow county judges for such services a salary not to exceed $600 per annum. This necessarily precludes the idea that he was any longer entitled to commissions as provided by the old law. The discretion of the commissioners court within certain limits was substituted for the arbitrary method of fixing his compensation as fixed by article 3933.

It is true, in article 2495h it is provided generally that compensation for ex officio services of county officers shall not exceed the amount now fixed by law; but under a familiar and well established rule of construction the general provision must yield to the special provision contained in article 2495c, applicable solely to county judges acting as superintendents of public instruction. In Perez v. Perez, 59 Texas, 24, Justice Willie declared the general rule of construction to be that when the law makes a general provision apparently for all cases, and a special provision for a particular class, the general must yield to the special clause so far as the particular class is concerned.

In further support of appellants' position our attention is called to the following provision in article 2495d, a part of the Act of 1897: "The amounts allowed to each officer mentioned in article 2495c may be retained out of the fees collected by him under existing laws, but in no case shall the State or county be responsible for the payment of any sum when the fees collected by the officer are less than the maximum compensation allowed by this chapter. * * *" We think if this provision be given its proper relation to the remainder of the chapter, and to the laws in existence at the date of its enactment, it will be found to support rather than oppose the conclusion we have reached. For instance, it is plainly shown both by the provisions of article 2495c and 2495h that the ex officio compensation for the county judge is not to be included in estimating his maximum earnings per annum. The maximum which any of the named officers may retain is made up of fees, and in no instance is the ex officio allowance included.

Again the ex officio allowance to sheriffs for daily attendance on the district court while in session, and the allowance to district and county clerks for ex officio services, since they may not be computed in estimating the maximum allowed by law, must, in the nature of things, be payable out of the public funds. They are made so by laws in existence at the date of the passage of the act in question which are in no respect disturbed by said act.

It is further insisted by appellants that inasmuch as article 2495j of the act in question provides that in counties having 15,000 inhabitants or less, none of the officers named in article 2495c shall be required to make a report of the fees collected by them annually, the county of Gregg is unaffected by the act, and is operating under the old law. This is practically true so far as the officers affected by the restriction on the amount of annual fees they are permitted to retain are concerned, but it is not true as to the nature of the ex officio compensation of the county judge of said county.

The provision quoted from article 2495c changed the character of the compensation of county judges in the State who acted as ex officio superintendents of public instruction. It was thereby changed from commissions to a salary to be fixed by the commissioners court. Its terms are general, and include every county judge in the State upon whom the respective commissioners courts may impose such duties. By the provi-

sions of article 2495j the officers of counties having a population not exceeding 15,000 are exempted from the requirement to report the amount of fees annually collected by them. Such counties are not generally exempted from the provisions of the act. If, however, the question of the repeal of article 3933 is to be regarded as doubtful, the construction placed upon the new law by the department of education, and under which the officers of the State affected thereby have acted up to this time, should be accorded great weight (Railway v. State, 81 Texas, 602) ; and the record shows that the State Superintendent of Public Instruction has construed the act as repealing article 3933. We conclude, therefore, that the trial court did not err in sustaining demurrers to the petition, and the judgment is therefore in all things affirmed.

The trial court overruled the first special exception, which questioned the right of plaintiffs to recover in any event in the capacity in which they sued. This ruling is not complained of by cross-assignment. We are of opinion, however, that the question is necessarily involved in the appeal. The suit was evidently brought under article 2485, Revised Statutes, which gives to any person aggrieved the right to sue for overcharges by certain officers, and to recover as a penalty threefold the overcharge, in addition. The penalty prescribed has been distinctly held not to apply to claims of this character. Wood County v. Cate, 75 Texas, 216. We are of opinion also that neither the article in question nor any other article of the statute authorized the plaintiffs to maintain this action in the capacity in which they sue. In the case last cited the action was brought by the county, and we are of opinion that the county alone had the right to complain. So, for this reason also, the judgment of the trial court should be affirmed.

*Affirmed.*