A. J. HOFFMAN ET AL. V. W. T. DAVIS ET AL.

No. 6781. Decided January 13, 1937.
(100 S. W, 2d Series, 94.)

504

*Whitaker & Peticolas,* of El Paso, for plaintiffs in error.

Where the evidence shows that the plaintiffs have requested district attorney to bring suit on behalf of the county, and that he has refused, or, at least, delayed doing so, the plaintiffs as taxpayers of the county are authorized to bring a suit to recover loss by the county because of the contracts made by the commissioners' court. Burns v. True, 24 S. W., 338; Seagler v. Adams, 112 Texas, 583, 250 S. W., 413; Terrell v. Greene, 88 Texas, 539, 31 S. W., 631; Shipp v. Rodes, 245 S. W., 157.

*Mead & Metcalfe,* of Marfa, for defendants in error.

Taxpayers, having only a general interest, in the matter in controversy, and having no right or title to any claim or demand affected thereby, had no right in themselves to bring the suit. Glenn v. Dallas County, etc., Dist., 275 S. W., 137; Smith v. Wingate, 61 Texas, 54; Roper v. Hall, 280 S. W., 289; Polly v. Hopkins, 74 Texas, 147; Hughes v. Dubbs, 84 Texas, 503, 19 S. W., 684.

Mr. Judge HICKMAN delivered the opinion of the Commission of Appeals, Section A.

There is presented for decision in this case the question of the right of taxpaying citizens of a county to prosecute a suit in behalf of the county against officers and ex-officers of the county and their bondsmen to recover for the alleged unlawful expenditure by such officers of county funds. The question arose in this manner:

A. J. Hoffman and other taxpaying citizens of Presidio County, claiming to act for themselves, for other persons similarly situated, and on behalf of the county, instituted this action against W. T. Davis, county judge, and the four county commissioners, together with the sureties on their official bonds. Two of the commissioners were not in office at the time this suit was instituted, but were at the time the alleged illegal acts were committed. The county judge and the other two commissioners were still holding their respective offices. The object of the suit is to recover the loss which it was alleged the county sustained under two contracts made by the commissioners' court with reference to some highway construction in Presidio County. The opinion of the Court of Civil Appeals describes the pleadings in considerable detail. We do not find it necessary to state more than that they present for decision the question above set out. The trial court sustained the plea in abatement, the general demurrer and certain special exceptions to the petition; and, plaintiffs declining further to amend, the suit was abated and dismissed. The Court of Civil Appeals affirmed the trial court's judgment. 70 S. W. (2d) 637.

We find it unnecessary to determine the question of whether under the statutes as they existed at the time the contracts involved were executed, the commissioners' court was wholly without power to enter into them. This for the reason that, regardless of how the obligation arose, the suit is one for the collection of a debt alleged to be owing to the county as such, and the question of the right of citizens to institute and prosecute an action for the collection thereof does not rest upon a determination of how the obligation arose.

■ The right of a taxpaying citizen to go into a court of equity and enjoin public officials from the expenditure of public funds under an illegal contract is given general recognition. It has received the sanction of this Court. Looscan v. County of Harris, 58 Texas, 511; City of Austin v. McCall, 95 Texas, 565, 68 S. W., 791; Terrell v. Middleton, 187 S. W., 367 (Error Refused). Our investigation of the question has led us to the

conclusion that in a large majority of the cases from other jurisdictions it is held that the right to enjoin cannot be distinguished in principle from the right to maintain a suit for restoration of money unlawfully expended, and it is accordingly held that taxpaying citizens may institute and prosecute suits as well in one class of cases as in the other. But our decisions have established a contrary rule for this jurisdiction.

The bonds upon which this suit is based, are official bonds of public officers, that of the county judge having been executed in accordance with Article 1928 and those of the commissioners in accordance with Article 2340, R. S., 1925. Each bond is payable to the county treasurer of Presidio County and each embodies the statutory condition, among others, "that he will not vote or give his consent to pay out county funds except for lawful purposes." The quoted condition is the one which it is claimed has been breached, and liability upon the bonds is predicated upon such alleged breach.

Articles 1578 and 1579, R. S., 1925, provide as follows:

Art. 1578. "Any note, bond, bill, contract, covenant, agreement or writing, made or to be made, whereby any person is or shall be bound to any county, or to the court of commissioners of any county, or to any other person or persons, in whatever form, for the payment of any debt or duty or the performance of any matter or thing to the use of any county, shall be valid and effectual to vest in said county any right, interest and action which would be vested in any person if any such contract had been made directly with him."

Art. 1579. "Suits may be begun and prosecuted on such notes, bonds, bills, contracts, covenants, agreements, and writings, in the name of such county, or in the name of the person to whom they were made, for the use of the county, as fully and as effectually as any person may or can sue on like instruments made to him."

Article 1710 provides: "The county treasurer shall keep a true account of the receipts and expenditures of all moneys which shall come into his hands by virtue of his office, and of the debts due to and from his county; and direct prosecutions according to law for the recovery of all debts that may be due his county, and superintend the collection thereof."

Ordinarily the commissioners' court alone determines whether litigation shall be instituted in behalf of the county, but in this instance the majority of that court are the ones charged with dereliction of duty and it is therefore in no position to

act for the county. In that situation, under the foregoing statutes, the county treasurer, to whom the bonds are payable, has the statutory authority to protect the county's rights and direct the institution of suits in his name for the use of the county upon these bonds. The question then is: Where the authority to institute litigation in behalf of a county is vested by statute in a particular body or officer, may a private citizen determine whether such litigation shall be instituted and himself institute and prosecute it?

In the case of Looscan v. County of Harris, 58 Texas, 511, there was presented for decision the question of the right of a district attorney, when the commissioners' court refuses to act, to maintain a suit in the name of the county against certain officials to recover money illegally paid out. This court, after determining that there was no statute authorizing the district attorney to institute the suit, announced the rule that, since the right to do so was vested in the commissioners' court, that right must be held to be exclusive. We quote from that opinion:

"* * * The Commissioners' Court undoubtedly has the right to cause suits to be instituted in the name of and for the benefit of the county, and except where a concurrent right to do the same thing, or where an exclusive right in a specified case or cases is conferred upon some other tribunal or some other office of the government, the commissioners' court must be deemed to be the quasi executive head of the county, vested with exclusive power to determine when a suit shall be instituted in the name of and for the benefit of the county."

■ As above pointed out, both the commissioners' court and the county treasurer are vested by statute with the right to institute this litigation. Since the former is in no position to act, the right of the latter to do so is exclusive, unless there is conferred upon the county or district attorney by Article 339 the concurring right—a question which we need not determine.

In the case of Lewright v. Bell, 94 Texas, 556, 63 S. W., 623, leave to file a petition for mandamus against the attorney general commanding him to institute a suit in the name of the State to forfeit the charter of a private corporation organized under the laws of the State was denied. The decision rests upon the holding that where by statute the authority to bring a suit in behalf of the State is vested in, or the duty enjoined upon, an official, by necessary implication he is thereby vested with the right to exercise discretion in determining whether or

not the suit should be instituted. If a citizen cannot by mandamus compel an officer to bring a suit of this nature, he cannot be permitted to accomplish the same purpose by bringing it himself. The statute having vested a discretion in a named official, it must be held to be exclusive. In this particular case it is certain that a determination of the question of whether it would be advisable from the standpoint of the county to prosecute this action involves the exercise of sound discretion. Since the decision in the case of Sluder v. City of San Antonio, 2 S. W. (2d) 841, it may be said to be the settled rule in this State that, although a contract made by a county may be illegal, still the county must account for the benefits which it derives thereunder. The officer authorized to prosecute this suit might arrive at the conclusion, after an investigation of all the facts, that, allowing for the benefits received, a substantial recovery for the county would not result from the litigation. If not, manifestly the suit should not be prosecuted, and citizens, as such, should not be permitted to determine that it should be.

A further reason for denying plaintiffs in error the right to maintain this suit lies in the fact that they have no private interest in the subject matter. When a taxpayer brings an action to restrain the illegal expenditure by the commissioners' court of tax money he sues for himself, and it is held that his interest in the subject matter is sufficient to support the action; but when the money has already been spent an action for its recovery is for the county. The cause of action belongs to it alone. Our courts do not recognize the right of one to bring a law suit for another merely because he might derive some indirect benefit therefrom. A taxpayer would be benefited through the collection by the county of delinquent taxes owing by other property owners, but his interest is not of a nature to authorize him to prosecute tax suits.

In the case of Lewright v. Love, Comptroller, 95 Texas, 157, 65 S. W., 1089, a taxpaying citizen was denied leave to file a petition for a writ of mandamus against the Comptroller to compel him to institute a suit to recover taxes alleged to be due the State. One ground of that decision was that the relator had no private interest in the subject matter authorizing him to maintain the litigation. The opinion takes notice of contrary holdings by courts of other jurisdictions, but declines to follow them.

In the case of Stephens v. Campbell, 63 S. W., 161, opinion by the late Justice Gill of the Galveston Court, one of the

State's ablest jurists, the question of the right of an individual taxpayer of a county to institute a suit on behalf of the county to recover money illegally paid to a county officer was squarely presented and it was held that he had no such interest as would entitle him to maintain the action.

In Harrell v. Lynch, 65 Texas, 146, it was held that, although the property rights of voters might be affected by the removal of the county seat, still they have no such personal interest in its location as to entitle them to enjoin its removal. The opinion closes with this observation: "If a wrong has been done, the usurpation of the power to prescribe a remedy would be a still greater wrong."

Plaintiffs in error call upon us to adopt the views of a court of a sister State expressed in this language: "If those entrusted with the custody of public funds, or those whose duty it is to protect the public interests are remiss in their duty, or refuse to act, the taxpayer should be permitted to do so, and the courts, in the exercise of a sound discretion, will prevent any abuse of the privilege." Once the right of citizens to bring suits of this nature is granted, under our system of practice the courts would be compelled to try them in the same way as they do other suits, and we know of nothing they could do to prevent the abuse of the privilege. But we are not called upon to decide either whether citizens would abuse the privilege, if granted, or whether it should be granted. What we decide is that it has not been granted. Whether or not it would be a wise public policy to grant it is a legislative, and not a judicial question.

The judgments of both the trial court and the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court January 13, 1937.