**COUNTY TREASURER OF WICHITA COUNTY et al.**

v.

**WICHITA COUNTY, Texas et al.**

No. 18029.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 7, 1978.

Rehearing Denied Jan. 4, 1979.

Helton, Copeland & Southard, and R. M. Helton, Wichita Falls, for appellants.

Hank Anderson, County Judge Wichita County, Short & Copeland, and Don Short, Wichita Falls, John L. Hill, Atty. Gen. of Texas, and Max P. Flusche, Jr., Asst. Atty. Gen., Austin, for appellees.

## OPINION

HUGHES, Justice.

The County Treasurer of Wichita County and two Wichita County taxpayers, Frank Foster and Mrs. L. W. Walker, plaintiffs, have appealed the order of the district court which granted defendants' plea to the jurisdiction, refused a temporary injunction prayed for by the plaintiffs and dismissed the suit. The defendants, hereinafter called Wichita County, include:

Hon. Hank Anderson, County Judge:

Hon. D. W. Wiley, County Commissioner;

Hon. G. Clark Gresham, County Commissioner;

Hon. E. E. Voyles, County Commissioner;

Hon. H. C. Greer, County Commissioner; Members of the Commissioners' Court of Wichita County, Texas, all residents of Wichita County, Texas;

Hon. Frances A. Stover, County Auditor, of Wichita County, Texas, Wichita Falls, Texas;

Hon. Howard Large, Chief Administrator, Family Courts Services, Wichita County, Texas, Wichita Falls, Texas;

Hon. Robert Flowers, Executive Director, C.J.D.*;

Hon. Willis Whatley, General Counsel, C.J.D.*;

Hon. Thomas A. Griebel, Chief Accountant, C.J.D.*; all of Austin, Texas.

We affirm.

This controversy arises over the attempted repayment to C.J.D. the sum of forty-eight thousand nine hundred twenty-five dollars and fifteen cents ($48,925.15). It is uncontroverted that the presence of this amount of money in the Treasury of Wichita County had its origin in a number of grants that had been awarded to the county by C.J.D. From the pleadings on file and the evidence adduced at the hearing on the temporary injunction held on November 22, 1977, it appears that the funds in question were received by Wichita County and were improperly used by it in the conduct of its business. There is some question as to exactly how much was erroneously expended. In the testimony at the hearing on the temporary injunction one witness testified that at least $25,000.00 of the money had not been expended, whereas another witness testified exactly to the contrary.

The commissioners' court of Wichita County ordered that the money be repaid to C.J.D. by Wichita County. On or about October 10, 1977, the Wichita County Auditor approved for payment the claim asserted by C.J.D. (his predecessor had rejected it), and thereafter issued warrant no. 1634 in the amount of forty-eight thousand nine hundred twenty-five dollars and fifteen cents ($48,925.15) on October 19, 1977.

* C.J.D. refers to Criminal Justice Division of the Governor's Office, Executive Office Building, Austin, Texas.

Before warrant no. 1634 was presented for payment, the Wichita County treasurer informed the depository of Wichita County that warrant no. 1634 would be dishonored and not accepted for payment when presented to her.

On October 31, 1977, the commissioners' court issued three orders approving payment of C.J.D.'s claim against Wichita County and issuing instructions pertaining thereto. On November 15, 1977, the commissioners' court of Wichita County adopted unanimously Findings of Fact, Resolution and Order, Minute No. 7259, giving its approval of said claim.

■ In her 8th point of error, treasurer asserts that she *does* have standing to sue in this case. The 9th point of error claims the same for taxpayers. She cites *Uhr v. Brown*, 191 S.W. 379 (Tex.Civ.App.—San Antonio 1916, no writ) for the proposition that "[a] public officer, in the absence of a prohibition, has the implied authority to institute suits *necessary* to the proper and faithful performance of his duties." (Emphasis ours.) In view of treasurer's announced refusal to issue the warrant before the order was passed by the commissioners' court, we must assume she would continue to refuse. Why did she sue in equity when she has not exhausted her legal recourse of simply refusing to issue the check? Is this suit in equity necessary? We hold it not to be.

■ Interestingly enough, the same *Uhr* case *supra*, cited by treasurer, holds that a taxpayer cannot secure the aid of equity to prevent de facto officers from serving or receiving compensation. This, with other authorities herein discussed, disposes of the contention that taxpayers have standing in this suit.

Treasurer cited *Stevenson v. Blake*, 131 Tex. 103, 113 S.W.2d 525 (1938) which was a taxpayer's suit based on Tex.Const. art. XI, § 7, to enjoin payment of attorney's fees in three yearly increments contracted by a commissioners' court. In affirming the granting of the injunction there, it was held that the third installment would not likely be paid out of current revenues, thus incurring a "debt" in violation of said Tex.Const. art. XI, § 7. Wichita County has shown adequate current revenues here to pay the sum ordered.

*City of Austin.v. McCall*, 95 Tex. 565, 68 S.W. 791 (cited by appellants as 68 S.W. 511 and by appellees as 68 S.W. 171 (1902) involved taxpayer's suit based on Tex.Const. art. XI, § 5 where City of Austin was found in violation thereof for spending municipal funds without a 2% sinking fund mandated by such § 5. No constitutional prohibition was urged against the payment here involved.

*Hoffman v. Davis*, 128 Tex. 503, 100 S.W.2d 94 (1937), was cited by treasurer to support her standing to sue. Tex.Rev.Civ. Stat.Ann. art. 1710 (1925), provides that county treasurers, *under statutory authority*, can sue for recovery of debts due their county. That provision does not provide for a suit, such as this, for sums *owed* by the county. *Hoffman, supra*, also held that, under the then statute, taxpayers could have no standing to sue in lieu of the county treasurer's discretion. It appears that the same logic would apply to taxpayers and the discretion of the commissioners' court in this present case.

More recent cases support the proposition that taxpaying citizens and county treasurers do not have authority to institute suits such as the present one. *Harwell v. Ward County*, 314 S.W.2d 868 (Tex.Civ.App.—El Paso 1958, writ ref'd n. r. e.) and *County of Ward v. King*, 454 S.W.2d 239 (Tex.Civ. App.—El Paso 1970, writ dism'd).

We overrule appellants' points of error 8 and 9 and hold treasurer and taxpayers to be without standing to sue in this cause. In view of the foregoing ruling, appellants' points of error 1 through 7 need not be considered.

We affirm.