COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NOS. 2-02-072-CV
      
           
           
           
           
           
   2-02-082-CV
 
CITY OF ARLINGTON
                                                             
           
    APPELLANT
V.
LAWRENCE G. SCALF
                                                             
           
    APPELLEE
------------
FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY
------------
OPINION
------------
In these consolidated appeals, the
City of Arlington ("the City") appeals from the trial court's denial
of its plea to the jurisdiction and, with our permission, the trial court's
grant of partial summary judgment in favor of Lawrence G. Scalf. We reverse and
render.
FACTUAL AND
PROCEDURAL BACKGROUND
The Street Maintenance Fee
On October 24, 2000, the Arlington
City Council adopted an ordinance that established a street maintenance fee and
provided that the collected fees would be placed in a separate fund and used
solely for the maintenance, rehabilitation, and repair of city streets. The
street maintenance fee was included in the combined utility bill as a separate
item on the water utility statement. For separately metered residential
accounts, the fee was $2.60 per month. For apartment, duplex, and other
multi-family accounts, the fee was $1.30 per month. For non-residential
accounts, the fee was calculated based on the total square footage of impervious
area per property (parking) and apportioned among the utility account holders
owning, using, or occupying the property.
On October 2, 2001, the city
council enacted an ordinance that repealed the prior ordinance and adopted a new
street maintenance fee. Under the new ordinance, the fee for residential
properties was $2.00 per month, with no distinction made between single- and
multi-family residences. The fee for non-residential properties was based on a
formula relating to the size of the property and the number of motor vehicle
trips the property generates.
On October 8, 2002, the city
council enacted an ordinance that repealed the street maintenance fee, effective
January 1, 2003.
The Lawsuit
Scalf sued the City, which is a
home rule municipality, alleging that the street maintenance fee was unlawful
because it was a tax that the City was not authorized to impose. Scalf also
raised constitutional challenges, alleging the street maintenance fee violated
his equal protection and due process rights, was void for vagueness, and
provided no mechanism for redress of unlawful collection of the tax. Scalf
sought an injunction to prohibit the City from collecting the street maintenance
fee and to require the City to refund the full amount of street maintenance fees
collected. Scalf also asserted that the City had violated the Texas Debt
Collection Act, and he brought a civil rights action under 42 U.S.C. § 1983.
Scalf, an Arlington resident, brought the suit on his own behalf and on behalf
of the proposed class of persons who had been billed for the street maintenance
fee.
The City asserted a plea to the
jurisdiction, arguing that the trial court did not have jurisdiction because
Scalf did not have standing to sue, Scalf's claim did not meet the $500
amount-in-controversy requirement, and the City was immune from suit. Scalf
moved for partial summary judgment on all of his claims except class
certification. The trial court denied the City's plea to the jurisdiction and
granted Scalf's motion for partial summary judgment; however, no injunctive
relief has been ordered.
At the parties' request, the trial
court also issued a written order for interlocutory appeal of the partial
summary judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)
(Vernon Supp. 2003 ). We permitted appeal of the partial summary judgment and
consolidated that appeal with the City's appeal from the trial court's denial of
the plea to the jurisdiction. See id. § 51.014(a)(8), (f).
PLEA TO THE
JURISDICTION
Standing
In its first issue, the City
asserts that Scalf lacks standing to bring a taxpayer suit. Standing is a
prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is
essential to a court's power to decide a case. Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 553-54 (Tex. 2000); Tex. Ass'n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Because standing is a
component of subject-matter jurisdiction, we review a trial court's
determination of standing de novo. Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999); Hairgrove
v. City of Pasedena, 80 S.W.3d 703, 705 (Tex. App.--Houston [1st
Dist.] 2002, pet. denied).
The absence of subject-matter
jurisdiction may be raised by a plea to the jurisdiction, as the City has done
in this case. Bland, 34 S.W.3d at 554. A plea to the jurisdiction is a
dilatory plea, the purpose of which is to defeat a cause of action without
regard to whether the claims asserted have merit. Id. The claims may
form the context in which a dilatory plea is raised, but the plea should be
decided without delving into the merits of the case. Id. When
necessary, we consider evidence relevant to the jurisdictional issue. Id. at
555.
In general, taxpayers do not have a
right to bring suit to contest government decision-making. Id. Unless
standing is conferred by statute, taxpayers must show that they have suffered a
particularized injury distinct from that suffered by the general public in order
to have standing to challenge a government action or assert a public right.(1)
Id. at 555-56.
Scalf does not claim that any
statute authorizes him to sue the City concerning the street maintenance fee,
nor did Scalf plead that he has suffered some particularized injury distinct
from that suffered by the general public. To the contrary, Scalf brought the
lawsuit not only on his own behalf but also on behalf of the class of all
persons who received water utility service from the City and who received a bill
for the service that contained a charge for the street maintenance fee. Indeed,
Scalf pleaded that his claims are typical of those of the potential class
members. In his brief, Scalf argues that he suffers injury separate and apart
from the general public because he is a customer of the City's water utility
while other Arlington residents or taxpayers are not. The fee, however, was
charged to water utility customers only, and Scalf fails to show how he suffers
any unique harm different from that suffered by the thousands of other Arlington
property owners who are also customers of the City's water utility who were
assessed the street maintenance fee. Thus, we conclude that Scalf has not
suffered any particularized injury that would authorize him to sue the City
concerning the street maintenance fee regardless of whether it is a fee or a
tax. Consequently, the trial court erred by denying the City's plea to the
jurisdiction because Scalf did not have standing. We sustain issue one.(2)
CONCLUSION
We reverse the trial court's denial
of the City's plea to the jurisdiction and granting of Scalf's partial summary
judgment and render judgment dismissing the underlying lawsuit for want of
jurisdiction. See Tex. R. App. P. 43.2(c).
 
                                                                      
ANNE GARDNER
                                                                      
JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and
GARDNER, JJ.
DELIVERED: August 28, 2003

1. A long-standing exception to this general rule is that
a taxpayer has standing to sue in equity to enjoin the illegal expenditure of
public funds, even without showing a distinct injury. Bland, 34 S.W.3d
at 556; Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94, 95 (1937). Scalf
does not claim, however, that the City's expenditure of the funds was illegal,
so this exception does not apply.
2. Consequently, we need not address the City's other
issues concerning either the plea to the jurisdiction or the partial summary
judgment.