CASE 2—ACTION BY J. A. BARLOW AND ANOTHER AGAINST THE CITY OF
LEXINGTON, THE HOME CONSTRUCTION COMPANY AND OTHERS, TO
TEST THE VALIDITY OF AN ORDINANCE—NOV. 22.

# City of Lexington v. Home Construction Co. and Others.

### APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT DISMISSING PETITION AND THE CITY OF LEXINGTON AP-
PEALS.    DISMISSED.

PLEADING—DELAY IN TENDERING ANSWER—RIGHT OF DEFENDANT TO
APPEAL AS AGAINST CO-DEFENDANT.

Held:  1. In an action against a city and others to test the validity
of an ordinance, it was not an abuse of discretion to refuse
to permit the city to file an answer eleven months after the pe-
tition was filed, and after issues had been formed between the
plaintiffs and another defendant, and the case submitted by
agreement; no sufficient reason being shown why the answer
was not tendered sooner.
2. A defendant who has not filed an answer can not prosecute an
appeal, as against a co-defendant, from a judgment dismissing
the petition against both.

W. S. BRONSTON, ATTORNEY FOR APPELLANT.

J. A. Barlow, as a taxpayer and as a representative of all
other taxpayers, sought to enjoin the general council, the City
of Lexington, the mayor and the city solicitor from making a
contract with the Home Construction Company for a term of
four years, for spreading cracked rock, etc., on the streets of
Lexington.

This controversy began in July, 1899, soon after the pre-
tended passage of the joint resolution accepting the bid of the
Home Construction Company, and asking the mayor and city
solicitor to make a contract with it.  A temporary injunction
was granted by the lower court to J. A. Barlow, after proper
bond had been executed, and the contest with the Home Con-
struction Company continued until May, 1900, when the court
gave its final decision; and at or about which time the city of
Lexington, through its mayor and city solicitor, offered to file
an answer which was refused by the court.  And from this

## AUTHORITIES CITED.

Kentucky Statutes, secs. 3063, 3110, 3136, 3046, 3059, 3071, 3058, 3069 3070; Constitution, sec. 157; City v. McKenna, 99 Ky., 508; Beard v. City, 95 Ky., 239; Same v. Same, 15 Ky. Law Rep., 756; Knipper v. City of Covington, 22 Ky. Law Rep., 676.

GEO. C. WEBB, ATTORNEY FOR APPELLEE, HOME CONSTRUCTION COMPANY.

The record shows that the suit was filed July 11, 1899. Summons against City of Lexington served July 18, 1899. On August 1st, the cause was argued by city solicitor, and demurrer filed by the city.

Appellee filed answer July 25th, and on September 25th moved to submit for judgment. The motion was concurred in and submission requested by the city, and motion objected to by plaintiff. On January 15, 1900, appellee again moved to submit,

City of Lexington v. Home Construction Co. and others.

which was again refused. On February 26th, plaintiff took a
rule against the city to show cause why it did not answer.  On
April 16th, appellee again moved to submit, and again the court
refused to do so.  On May 28, 1900, the cause was finally sub
mitted upon the proof and pleadings.

On June 11th, just eleven months after the suit had been
instituted, the city for the first time offered to file answer,
and filed affidavit of its city solicitor in support of it.  During
all his time the plaintiff had filed the petition, four amended
petitions, a reply and an amended reply, besides numerous mo-
tions, upon all of which the court ruled as shown by the record.

This court, in a continuous line of cases, has held that the
lower court could exercise a discretion in regard to the filing
of pleadings, which ought not to be interfered with unless pal-
pably abused.

We further submit that the paper, offered to be filed, is not an
answer.  It does not attempt to set up any defense to the cause
of action alleged by the plaintiff.  It assumes the same atti-
tude on behalf of the taxpayers as the petition of plaintiff, and
yet it is not made a cross-petition against the construction com-
pany.  The court had the right to consider it was not a good
pleading, and not entitled to be filed, and so we submit that,
on account of the anomalous character of the pleading, the court
was justified in refusing to allow it to be filed.

### AUTHORITIES CITED.

1. The trial court is vested with the fullest discretion as to per-
   mitting pleadings to be filed out of time.  Bank U. S. v. Car-
   roll, &c., 4th B. Monroe, p. 46; Spurr v. Batchelor, 19 Law Rep.,
   p. 1641.
2. A defense must be filed by the defendant within twenty days
   after service of summons.  Act Creating Courts of Continuous
   Session, Carroll's Code, secs. 996, 1003, 1004.
3. The language of the Constitution must be construed in the or-
   dinary and common acceptation.  Belknap v. City of Louisville,
   18 Law Rep., 319.
4. In order to avail a party of a Constitution or a statutory prohi-
   bition, the pleading must state facts bringing it absolutely
   within the requirements of the statute or Constitution.  Board
   of Education v. General Council of the City of Covington, 20th
   Law Rep., p. 289.

OPINION OF THE COURT BY JUDGE WHITE—DISMISSING THE APPEAL.

This action was brought by J. A. Barlow and another,
citizens and taxpayers of Lexington, seeking to test the

validity of an ordinance or resolution passed by the general council awarding a contract with the appellee, Home Construction Company. The city of Lexington, the Home Construction Company, the members of the general council, and the mayor and the city solicitor, were all made parties defendant. The action was filed July, 1899, within a few days after the ordinance or resolution was passed, and its validity is questioned for various reasons, not necessary here to mention. A temporary injunction was granted by the circuit judge. To this petition a demurrer was filed by the city solicitor, and a motion to make more specific by some of the defendants. The Home Construction Company filed answer and amended answer, which may be said to deny every material allegation in the petition. In September, 1899, the cause having been placed on the trial docket, the defendant, Home Construction Company, asked that it be submitted. This was refused upon objection being made, and an amended petition was permitted to be filed. In December, a demurrer to the amended petition was sustained, and another amendment was filed. In January, 1900, a demurrer was sustained to the petition as amended, and the Home Construction Company again moved a submission. In February, 1900, the plaintiffs tendered a fourth amended petition, and asked a rule against the city of Lexington to show cause why the petition should not be confessed as to it. In April, the fourth amended petition was refused to be permitted to be filed, and the Home Construction Company again asked that the cause be submitted, which was denied, and the plaintiffs given permission to file a reply to the answer. A demurrer was sustained to the reply, and again to the reply as amended. In May, 1900, the cause was submitted by agreement. On June 11, 1900, the city of Lexington tendered, and asked

permission to file, its answer, in which are pleaded all the various steps taken in the passage of the resolution in question. This answer contains a prayer for a judgment as to the validity of the resolution. In July, 1900, the court refused to permit this answer of the city to be filed, and, on hearing under the submission, dismissed the petition of Barlow, etc. The city prosecutes this appeal, and the only party appellee is the Home Construction Company, its co-defendant in the court below.

The only question presented by appellant, city of Lexington, is the action of the trial court in refusing to permit it to file answer. It will be noticed that this answer was tendered eleven months after the petition was filed, and after issues had been formed, and proof taken by the plaintiffs and the Home Construction Company, and after the case had been submitted by agreement. No sufficient reason is shown why the answer was not filed sooner. True, the attorney who signs the answer is not the same that is sued as city solicitor; but the new officers went into office in January, 1900, and no sufficient reason is shown why the answer was not filed before the submission in May. From the whole record, we can not say there was an abuse of discretion in refusing to permit the answer to be filed at the time it was presented. The question then presents itself, what right has a defendant to prosecute an appeal, as against its codefendant, from a judgment dismissing the petition against both? It will be noticed that there was no issue presented between the parties, to this appeal, and as between them there was, of course, no trial, and no judgment in favor of either against the other. We are of opinion that appellant, city of Lexington, has no right to appeal, as against its codefendant, Home Construction Company, from a judgment in their favor. We

say "their" favor, because, if the city did not desire to adopt the answer of its codefendant, it should have pleaded, presenting its position.    If its position is neutral, then the judgment is not against its interest.

For this reason, the appeal of the city of Lexington is dismissed.

Petition for rehearing by appellant overruled.