

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 19, 1961

Honorable Steve Hurt
County Attorney
Hale County
Plainview, Texas

Opinion No. WW-1227

Re: Whether a County Attorney
has the duty and the au-
thority to institute a
suit on behalf of the
county against a former
county judge, a former
county commissioner and
all the incumbent commis-
sioners to recover for
the county moneys un-
lawfully caused to be
paid out of county funds
by the named officials
and related questions.

Dear Mr. Hurt:

You have requested an opinion with regard to the
duty and the authority of a county attorney to institute
suit against a former county judge, a former county commis-
sioner, and all of the incumbent county commissioners under
the following alleged facts:

" Taxpayer has filed an action in the
64th District Court against the above named
county officials and former county officials.
The taxpayer has alleged that the named of-
ficials have caused to be paid from county
funds certain unlawful expenses. Among the
alleged unlawful expenses to be paid out of
the county funds by the defendants are included:
out of county traveling expense without
first incurring such expense; in county
traveling expense allowances while using
a county furnished automobile; out of
county traveling expenses by a commissioner
in excess of three hundred ($300) dollars
for one year; and various contributions to
private persons and organizations. It is
further alleged that one of the commissioners
lived in a house owned by the county, using
utilities at the county's expense, for several
months without paying the county any rent
for the same.

"The taxpayer plaintiff has made demands upon the county attorney to bring suit on behalf of the county against the defendants for recovery of all the alleged unlawful expenses.

"All of the alleged expenditures appear to have been made by the County Treasurer at the direction of the commissioners court. The present County Treasurer was not the County Treasurer at the time said expenditures were made."

Also, in a telephone conversation with this office on December 15, 1961, you made the following statement:

"A majority of the incumbent county commissioners who are presently charged with dereliction of duty were holding their respective offices during the period of time the alleged illegal acts were committed."

In addition to the foregoing alleged facts you have submitted questions as follows:

"Does the county attorney have the duty and the authority to file a suit in behalf of the county against a former county judge, a former county commissioner, and the present commissioners to recover for the county moneys unlawfully caused to be paid out of county funds by the named officials.

"If the county attorney does not have such duty and authority, what county official, if any, does?

"Upon the facts alleged, coming to the knowleuge of the county attorney, should no other county official take any action to recover the money for the county, would any duty fall on the county attorney to file a law suit for recovery on behalf of the county?"

The questions that are herein involved have been the subjects of much litigation in this State. It is now well settled that a tax-paying citizen has the right to enjoin public officials fror making unauthorized expen-

ditures of public funds. Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94 (1937) Looscan v. County of Harris, 58 Tex. 511 (1883); Carroll v. Williams, 109 Tex. 155, 202 S.W. 504 (1918).

However, it is equally well settled that a tax-paying citizen does not have the legal standing necessary to maintain a suit for the restoration of moneys unlawfully expended by a county official. Hoffman v. Davis, supra; Lewright v. Lowe, 95 Tex. 157, 65 S.W. 1089 (1902); Stevens v. Campbell, 63 S.W. 161; (Civ. App. 1901); Harrell v. Lynch, 65 Tex. 146 (1885).

As a general proposition of law the commissioners' court is charged with the duty and authority to bring a suit on behalf of the county for the recovery of moneys due it. In Terrell v. Greene, 88 Tex. 539, 31 S.W. 631 (1895) the Court stated:

> ". . .There are many instances in which it might be necessary to bring suits in the name of the county, or in which suits might be instituted against the county not embraced in the terms of Article 260.* In such cases the commissioners' court would have the right to control the institution of such suits, because it has not been committed by law to any other officer or tribunal; . . ."

In Looscan v. County of Harris, supra, the District Attorney brought suit against Looscan, the incumbent County Attorney, and other county officials for the purpose of recovering from Looscan certain moneys alleged to have been illegally paid him under a contract entered into with the commissioners' court and for the purpose of enjoining the county officials from making any further payment under the contract. The court held that the District Attorney was without authority to bring the suit against the will of the Commissioners' Court and stated:

> ". . .The Commissioners' Court undoubtedly

---

*Article 260 appears in the Revised Civil Statutes of 1925 as Article 336.

has the right to cause suits to be instituted
in the name of and for the benefit of the
county, and except where a concurrent right to
do the same thing, or where an exclusive right
in a specified case or cases is conferred upon
some other tribunal or some other officer of
the government, the Commissioners' Court must
be deemed to be the quasi executive head of
the county, vested with exclusive power to
determine when a suit shall be instituted in
the name of and for the benefit of the county."
(Emphasis added) See also J. R. Phillips
Investment Company v. Road District No. 18,
172 S.W.2d 707 (Civ. App. 1943, error ref.'
Attorney General's Opinion No. O-6543, (1945).

However, where the suit is due to the dereliction
of a majority of the members of the Commissioners' Court,
it is the duty of the County Treasurer under the authority
of Article 1710 Vernon's Civil Statutes to institute the
proper suit or suits to recover moneys due the county.
Hoffman v. Davis, supra; Attorney Generals Opinion No.
O-2117 (1940); Attorney General's Opinion No. O-66 (1939).
Article 1710 Vernon's Civil Statutes provides as follows:

"The County Treasurer shall keep a true
account of the receipts and expenditures of
all moneys which shall come into his hands
by virtue of his office, and of the debts due
to and from his county; and direct prosecutions
according to law for the recovery of all debts
that may be due his county, and superintend
the collection thereof."

In the Hoffman v. Davis case the court cited
Looscan v. Harris County, supra, and stated:

"This court, after determining that
there was no statute authorizing the District
Attorney to institute the suit, announced
the rule that, since the right to do so was
vested in the Commissioners' Court, that
right must be held to be exclusive.

" . . .

"As above pointed out, both the Commis-

sioners' Court and the county treasurer are vested by statutes with the right to institute this litigation. Since the former is in no position to act, the right of the latter to do so is exclusive, unless there is conferred upon the County or District Attorney by Article 339 the concurring right . . . a question which we need not determine."

The general authority of a county attorney, in so far as civil actions are concerned is derived from the Constitution and the statutes enacted by the Legislature. The constitutional stipulation appears as Article V, Section 21, Constitution of Texas:

"A County Attorney, for counties in which there is not a resident Criminal District Attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of four years. In case of vacancy the Commissioners' Court of the county shall have the power to appoint a County Attorney until the next general election. The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature. The Legislature may provide for the election of District Attorneys in such districts, as may be deemed necessary, and make provision for the compensation of District Attorneys and County Attorneys. District Attorneys shall hold office for a term of four years, and until their successors have qualified."

The question of whether the county or district attorney under the provisions of Article 339 has a concurring right with the county treasurer, where the commissioners' court is otherwise disqualified to act, to initiate such a suit as is contemplated here was resolved in Bexar County v. Davis, 223 S.W. 558, (Civ. App. 1920, error ref.)

In that case the District Attorney had sued the county judge on the behalf of the county for .noney he had allegedly unlawfully appropriated. The court specifically held that a county judge is not such an officer as is "intrusted with the collection or safe keeping of any public funds." In the course of the opinion the court says further that no other member of the commissioners' court is such an officer. In addition the court held that Article 339 does not empower a district attorney to bring an action against a county judge for money appropriated as salary from county funds in the safe keeping of the county treasurer. It was further held in the same case as follows: "The County Treasurer is not only the sole custodian of the money of the county, but it is his duty to 'direct prosecutions according to law for the recovery of all debts that may be due his county, and superintend the collection thereof.'"

Although other civil statutes authorize suit by the county attorney on behalf of the county in particular cases, as for example Article 6716 Vernon's Civil Statutes (Institution of suit against a treasurer who has diverted county or city funds), we have been unable to find specific authority or direction for the bringing of a civil suit of the nature here involved.

Furthermore, because a majority of the incumbent County Commissioners were holding their respective offices during the period of time the alleged illegal acts were committed, it is our opinion that since these commissioners are alleged to be in pari delicto with the named former County officials they and are therefore disqualified to bring suit under the authority of Hoffman v. Davis and the other authorities discussed above. It is our opinion that the incumbent County Treasurer is the official who has the duty and authority to bring the suit.

## S U M M A R Y

Under the alleged facts the present county treasurer has the exclusive duty and authority to institute suit to recover moneys unlawfully caused to be paid out of county funds by the named officials.

Very truly yours,

WILL WILSON
Attorney General of Texas

By I. Raymond Williams, Jr.
Assistant

IRW:lgh:kh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Riley Eugene Fletcher
Elmer McVey
John Leonarz
Vernon Teofan

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.